| 62 | 345 |
| 107 | 280 |

</div>

## PERKINS v. JONES ET AL.

1. **Practice:** DISMISSAL OF ACTION: ESTOPPEL. Where defendants procured the dismissal of a cause in one court upon the ground that it was properly pending in the court of another county to which it had been transferred, *held* that they could not afterwards be heard to say that the court of the other county had no jurisdiction of the cause, and no right to remand it.

*Appeal from Cass Circuit Court.*

MONDAY, DECEMBER 10.

THE plaintiff appeals from an order of the court striking

the cause from the docket. The facts are stated in the opinion.

*Temple & Phelps*, for appellant.

*L. L. De Lano*, for appellees.

DAY, CH. J.—The plaintiff brings this action for the recovery of damages for the alleged unlawful sale by the defendants of intoxicating liquors to plaintiff's husband. At the April term, 1880, of the Cass circuit court, a trial was had to a jury, and resulted in a verdict for plaintiff for $550. The defendants filed a motion for a new trial, and thereupon the plaintiff filed a motion for change of venue, grounded upon the alleged prejudice of the judge. The court refused to entertain the motion for a new trial, and ordered that the venue be changed to the Adair circuit court. The defendants appealed, and this action of the court was reversed. See 55 Iowa, 211. The cause being remanded to the Cass circuit court, the motion for new trial was submitted and sustained. At the same time, the motion for a change of venue which had been before filed, without being resubmitted or urged by either party, was again sustained, and the venue was changed to the Adair circuit court. After this change was ordered, the plaintiff did not make any arrangement with the clerk, or pay, or tender payment, for a transcript, nor did the clerk forward a transcript in said cause to Adair county, but a copy of the order for a change was attached to the papers in the case, with the clerk's certificate attached, and delivered to defendants' attorneys, and by them filed in the Adair circuit court on the fourth day of August, 1881. This court convened August 1, 1881, and on the fifth of August the defendants appeared and demanded a trial, and, the plaintiff failing to appear, the court ordered that the cause be stricken from the docket at the plaintiff's costs. Neither the clerk, nor the plaintiff, nor her attorneys, knew that the transcript had been sent to, or filed in, the Adair cir-

cuit court, until after this judgment had been rendered. The plaintiff subsequently appeared in the Adair circuit court and filed a motion for a new trial, and asked that the judgment of the court be set aside, canceled, and declared of no effect, and the cause be remanded to the circuit court of Cass county for trial. Pending this motion, the cause was by agreement continued at the February term, 1882, of the Adair circuit court. The cause appearing upon the docket of the April term, 1882, of the Cass circuit court, the defendants filed a motion to dismiss the cause, for the following reasons: "For that, at the April term, 1881, of this court, an order was made upon the plaintiff's motion, changing the place of trial from this county to the circuit court of Adair county, Iowa, and, at the August term, 1881, of the said Adair county circuit court, said cause came on for hearing and trial, and was by said court dismissed, as is shown by the certified copy of the record of the proceedings of the said court in said cause, which is hereto annexed as a part hereof, and is marked exhibit 'A,' and a petition for a new trial is now pending in said Adair circuit court in said cause." The court sustained this motion, and ordered that the cause be stricken from the calendar and dismissed. At the August term, 1882, of the Adair circuit court, the plaintiff's petition to set aside the order and judgment of dismissal came on to be heard, and was sustained, and it was ordered that the cause be remanded to Cass county. At the April term, 1883, the cause appeared upon the docket of the Cass circuit court, and the defendants filed a motion to strike the cause from the docket, in substance as follows: "That this cause was on the motion of the defendants, at the April term, 1882, dismissed and stricken from the docket, and fully and finally disposed of; and this is not a new action, but a redocketing of the same action in the same court, without the service of any new process." The court sustained this motion, and from this order the plaintiff appeals. It thus appears that the plaintiff, without any fault upon her

part, between the actions of the Cass and Adair circuit courts, by a sort of legal legerdemain, is out of court, notwithstanding that she has a cause of action upon which a jury has once found in her favor. It is clear, from the motion filed at the April term, 1882, of the Cass circuit court, that the defendants procured the dismissal ordered at that term, upon the ground that the cause was properly pending in the Adair circuit court, and, consequently, could not be pending in the Cass circuit court. Having obtained the advantage of that position, the defendants now change base entirely, and claim that the Adair circuit court never acquired jurisdiction of the cause, that its order remanding it to the Cass circuit court was a nullity, that the only jurisdiction of the cause was in the Cass circuit court, and that its order of dismissal, not appealed from, effectually disposed of the case. The defendants cannot be permitted to rely upon positions so entirely contradictory and inconsistent, for the purpose of defeating the plaintiff's cause of action. The defendants, having procured a dismissal of the cause in the Cass circuit court, upon the ground that it was properly pending in the Adair county court, are now estopped from denying the jurisdiction of the Adair circuit court. The Adair circuit court assumed jurisdiction of the action pursuant to the request of the defendants, and, for the purposes of this case, so far as the defendants are concerned, the jurisdiction of that court must be conceded. The plaintiff, also, submitted herself to the jurisdiction of the Adair circuit court, when she asked an order remanding the cause to the Cass circuit court. The order remanding the cause to the Cass circuit court transferred it to that court and, thereafter it was properly pending there. The court erred in dismissing the cause.

REVERSED.