## SMITH v. THE STATE INS. CO.

1. **Fire Insurance**: ORAL CONTRACT FOR: PRESUMPTION AS TO CONDITIONS OF. Where there was an oral contract for insurance, to begin at once—the policy, however, to be issued afterwards, it must be presumed, in the absence of averments and proofs to the contrary, that the form of policy stipulated for was that used by the company at the time, and, in case of loss, the conditions contained in that form will be considered as binding upon the parties. *Hubbard v. Hartford Ins. Co.*, 33 Iowa, 325, followed.

2. ———: ———: ACTION UPON: WAIVER OF: CONDITIONS: INSTRUCTIONS. The instructions in this case, being an action upon a parol contract of insurance, *held* to be erroneous, because they submitted to the jury issues, in regard to a waiver of the conditions of the contract, not raised by the pleadings or the evidence. See *Lumbert v. Palmer*, 29 Iowa, 104.

3. ———: WAIVER OF PRELIMINARY PROOFS OF LOSS: ACTS CONSTITUTING: TIME. Acts relied on as a waiver of the preliminary proofs of loss by fire, required by a policy, should, in order to constitute such waiver, take place before action is brought, if not before the time has expired within which the insured has a right, under the terms of the policy, to supply such proof.

*Appeal from Page Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION upon an alleged parol contract of insurance. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Wright, Cummins & Wright* and *McPherrin Bros.*, for appellant.

*F. F. Willis*, and *T. E. Clark*, for appellee.

ADAMS, J.—This case is before us upon a second appeal. The first opinion is reported in 58 Iowa, 487. Upon the trial from which this appeal is taken, the court gave two instructions, which are as follows:

1. FIRE insurance: oral contract for: presumption as to conditions of.

"6. If the jury find from the evidence that the plaintiff entered into a contract of insurance with the defendant's agent, and that both plaintiff and defendant contracted in view of all the conditions stipulated in the blank policy of insurance set forth as an exhibit to the fourth count of the defendant's answer, then the plaintiff, in the absence of such fault or neglect of the defendant as would preclude a reasonable compliance with such conditions, would be bound thereby, and, before he could recover for loss sustained, he would be required to give immediate notice of such loss by fire, and give sworn proof, by affidavit, stating the time, origin, and circumstances of the fire, and the occupancy of the building insured, and the value and ownership of the property destroyed; and defendant would not be liable in an action till sixty days thereafter.

"7. But, upon the other hand, if the defendant by his own acts deprived plaintiff of the means of informing himself of such conditions, or, upon being notified of the loss, raised no objections to the manner of proof, but refused to pay on other grounds, you may consider such facts, as tending to

show that the defendant waived these conditions of the contract." . The giving of these instructions is assigned as error.

The petition avers that the defendant, through its agent, agreed to insure for the plaintiff his blacksmith shop and contents, the insurance to be good from that date, and a policy of insurance to be issued by the first of the next month, and that, before the policy was issued, the property was destroyed by fire.

He contends that there was evidence tending to show the agreement as alleged; and, for the purposes of this opinion, it may be conceded that there was. The plaintiff did not set out a form of the policy stipulated for, but merely averred, in general terms, an agreement for insurance. Under the ruling in *Hubbard & Spencer v. Hartford Ins. Co.*, 33 Iowa, 325, it must be assumed that the form of policy stipulated for was the form then in use by the company. See, also, *De Grove v. Ins. Co.*, 61 N. Y., 594. We may consider, then, that if there was any oral agreement for insurance, as alleged, the terms of the form of policy then in use were by implication embraced in the agreement as a part thereof. The defendant set out in its answer, and showed by evidence, what the form of policy in use was. This form, it appears, embraced certain conditions, and among them was the usual condition in insurance policies, providing for preliminary proof of loss. The language of the form of the policy, in this respect, was as follows. "All persons having a claim under this policy shall proceed at once to put the property saved in the best order possible, and shall give immediate notice, and render a particular account thereof, with an affidavit, stating the time, origin and circumstances of the fire, the occupancy of the building insured, or containing the property insured," etc. It is claimed that a notice of the fire was given by telegraph, but it is not claimed that the preliminary proof by affidavit, provided for, was given. The form of policy expressly provides that the loss shall not be payable until the preliminary proof shall be given. The jury, under the instructions above

set out, found that it was payable; and we are now brought to consider specifically what were the plaintiff's rights under the averments and evidence, and whether the instructions, under such averments and evidence, can be sustained.

It is not important to inquire whether the form of policy stipulated for should have been pleaded by the plaintiff or not. It was not pleaded by him, and, it not being so pleaded, it was proper for the defendant to plead it. This the defendant did, setting out the condition in question, and averring a breach thereof. The plaintiff filed no reply, and the issues were such as are made by a mere denial on the part of the plaintiff, which the law in such case implies. The issues, then, were as to the fact of the condition, and as to the fact of a breach thereof. The instructions given, it seems to us, submitted issues which did not in any proper sense exist. There seems to have been a question submitted to the jury as to whether the defendant did not, by its own acts, deprive the plaintiff of the means of informing himself of the condition, and also as to whether the defendant did not, by making no objection to the manner of proof, and by refusing upon other grounds to pay, waive the condition.

As no policy was issued by the company, it may be conceded that the company should, upon demand by the plaintiff, have furnished him with the form in use, to enable him to discover its conditions; and if there had been a demand by the plaintiff, and refusal by the company, it may be that a court would be justified in treating such refusal by the company as a waiver of the conditions. But no waiver was pleaded, nor was there any evidence of a demand by the plaintiff, or of a refusal on the part of the company, or of any fault or neglect on its part. It is true that the company did not issue a policy according to the alleged agreement; but, after the loss, the plaintiff's rights under the alleged agreement were essentially the same without a policy as they would have been with it. What the plaintiff needed, if he

*[margin note: 2. ——: ——: action upon waiver of conditions: instructions.]*

needed anything, was a mere form of policy as a means of information, and that, without any doubt, he could, upon application, have obtained from the company, or elsewhere. No fault for not furnishing such form could be imputed to the company, in the absence of any request.

As to the waiver of the condition requiring preliminary proof, by not objecting for want of such proof, and by refusing upon other grounds to pay, it is sufficient to say that no waiver was pleaded. *Lumbert v. Palmer*, 29 Iowa, 104.

We may say, too, that we see nothing in the evidence which could have justified the jury in finding a waiver. There was no attempt to render preliminary proof, and it is not shown that the company was called upon to make any objection of any kind to payment until suit was brought. Acts or omissions relied upon as a waiver of preliminary proof should, in order to constitute such waiver, take place before action is brought, if not before the time has expired within which the insured has a right under the terms of the contract to supply such proof. *Beatty v. Lycoming Co. Mut. Ins. Co.*, 66 Pa. St., 9; Flanders on Insurance, 593, note.

3. ——: waiver of preliminary proof of loss: acts constituting: time.

The defendant insists that the evidence is insufficient to show any contract of insurance, but, as the evidence may be different upon another trial, we omit to determine such question. For error in the instructions above set out the judgment must be

REVERSED.