HENRY S. TRASK, Respondent, v. THE GERMAN
INSURANCE COMPANY, of Freeport,
Illinois, Appellant.

53 625
58 432
58 438

St. Louis Court of Appeals April, 18, 1893.

1. **Authority of Agent to Solicit Fire Insurance**: LIABILITY OF
COMPANY. An agent with power only to solicit fire insurance, for-
ward applications and collect premiums has no authority to make a
contract of insurance which will bind the company. The acceptanco
of the application by the company is the completion of the contract.
Accordingly, the company is not bound by the failure of such an
agent to either forward to it the application and premiums collected
by him, or return the same to the applicant for insurance within a
reasonable time.

2. ———: ———: SUFFICIENCY OF EVIDENCE OF RATIFICATION BY COMPANY.
But evidence of authority on the part of such agent to reject an
application once delivered to him, and to return the premium,
furnishes presumptive evidence of an authority to accept the applica-
tion. Accordingly, when such an agent returns the application and
premiums to the assured without having forwarded them to the
company, and the company afterwards pleads his act as a rejection
of the application by it, a finding of the existence of an authority on
his part to bind the company is warranted.

3. **Fire Insurance**: TOTAL LOSS: EFFECT AS TO PERSONALTY. The
statutory provision (Revised Statutes, sec. 5897), that, in case of the
total loss by fire of the property insured, the measure of damage shall
be the amount of the insurance less any depreciation on the value of
the property subsequently to the issue of the policy, does not apply
to personal property.

*Appeal from the Crawford Circuit Court.*—HON. C. C.
BLAND, Judge.

REVERSED AND REMANDED.

*Harrison & Harrison*, for apppellant.

(1) The court should have taken the case from the
jury at the close of plaintiff's testimony and at the close

of the whole testimony. There was no proof made that the company ever received or accepted the application. And the whole testimony shows that C. Dean was the agent for the sole purpose of soliciting applications, receiving and receipting for the premium, and forwarding them to the company for acceptance. It was the duty and province of the trial court, where the undisputed facts show no liability to have been incurred, to direct the jury to find for the defendant. *Powell v. Railroad*, 76 Mo. 80; *Taylor v. Railroad*, 86 Mo. 457; *Sparks v. Railroad*, 31 Mo. App. 111. (2) One who has authority to take applications, receive and receipt for premiums, forward them and even receive policies from the company and deliver them after countersigning them, has no power to bind the company by a contract of insurance in any other way than by a delivery of a policy issued by the company. May on Insurance [3 Ed.], sec. 126; *Armstrong v. Ins. Co.*, 61 Iowa, 212. And an insurer is not liable for a loss occurring before the approval of an application, which provided that no liability should attach until it had been approved by the home office, notice of which plaintiff had by the receipt introduced by him in evidence. *Pickett v. Ins. Co.*, 39 Kan. 697; *Lungstrass v. Ins. Co.*, 48 Mo. 201; *Sheldon v. Ins. Co.*, 65 Wis. 436; 11 American & English Encyclopedia of Law, 283, and note 2 on page 282; May on Insurance [3 Ed.] secs. 43g. and 43h. The instructions given by the court for the plaintiff are inconsistent with these authorities.

*F. H. Farris* and *J. T. Woodruff*, for respondent.

The evidence in the case shows a completed contract for insurance. *Lingenfelter v. Ins. Co.*, 19 Mo. App. 264; *Keim v. Ins. Co.*, 42 Mo. 41; Chitty on Contracts

Trask v. The German Ins. Co.

[10 Ed.], page 11, and note; 1 Lawson on Rights, Remedies & Practice, par. 2040.

BIGGS, J.—This is an action at law on a contract for insurance. There was a judgment against the defendant for $300, from which it has prosecuted this appeal.

The plaintiff's cause of action is based on a contract for insurance alleged to have been made by a duly authorized agent of the defendant, no policy having been issued. The defendant insists here, as it did in the circuit court, that there is no evidence of a completed contract. As the question is at the threshold of the case, it should be first considered.

The plaintiff testified that, on the second day of April, 1892, he delivered to one Dean, a special agent of the defendant, a written application for the insurance mentioned, and that, in consideration of the premium then paid, Dean, as such agent, agreed and contracted to insure the plaintiff's property for three years from that date; that Dean delivered to him the following receipt:

"Received of Henry S. Trask, Esq., an application for insurance against loss or damage by fire and lightning by the German Insurance Company, of Freeport, Illinois, on property to the amount of $600, for the term of three years; cash seventy-five cents, and a note for cash premium, etc., due on the first day of September, 1892, for $10.75, with eight per cent. interest from date until paid. If paid at or before maturity, all interest waived. All of which are to be returned, if a policy be not issued. Policy to be sent by mail. Dated at residence this second day of April, 1892.

"[Signed] C. DEAN, Special Agent.

"Should you not receive your policy within twenty days, write to the company and give name of agent, and date of this receipt."

The plaintiff further testified that he received no policy; that, on the twenty-fifth day of April, 1892, a portion of the property was destroyed by fire; that he immediately notified the defendant of the loss, and that the defendant answered and denied liability.

Dean testified that his authority as agent was limited to soliciting insurance, collecting premiums and forwarding applications to the company for its approval or rejection; that he had no authority to approve applications or to make contracts of insurance; that he took the plaintiff's application with the understanding that, if not accepted by the company, his money and note would be returned to him by mail; that, after leaving the plaintiff's house, he received information which convinced him that the plaintiff had misrepresented the value of the house and the amount of the incumbrance thereon; that for this reason he did not send the application to the company, and that, within ten or fifteen days thereafter, he marked on the application "not approved," and enclosed it, together with the note and seventy-five cents, in a letter addressed to the plaintiff at the postoffice mentioned in the application.

Concerning the application, defendant answered as follows: "The defendant further alleges that, on the eleventh day of April, A. D. 1892, *it returned to the plaintiff by mail the said application, note · and seventy-five cents, with notice that said application was not approved, and then terminated all insurance on said property from and after that date, if any there was, and no insurance on said property existed thereafter.*"

Plaintiff denied that he had received back the application and note. This was all the evidence bearing on the question of Dean's authority as agent to make contracts of insurance.

If Dean's statement as to the extent of his authority be true, then there was no contract, for it is the settled

law that an agent with power *only* to solicit insurance, forward applications and collect premiums, has no authority to make a contract of insurance which will bind his company. *Wallingford v. Ins. Co.*, 30 Mo. 46; *Brownfield v. Ins. Co.*, 26 Mo. App. 390; s. c., 35 Mo. App. 54; *Perkins v. Ins. Co.*, 4 Cowan, 651; *Thayer v. Ins. Co.*, 10 Pick. 326; *Winnesheik Ins. Co. v. Holzgrafe*, 53 Ill., 516. The acceptance of the proposal is the completion of the contract; therefore in this case, unless it be shown that the company accepted the risk, or that Dean had authority to so accept, or that the company ratified the previously unauthorized act of Dean in accepting it, there is no contract. *Keim v. Ins. Co.*, 42 Mo. 38; *Hamilton v. Ins. Co.*, 5 Pa. St. 339; *Hallock v. Ins. Co.*, 26 N. J. L., 268.

The testimony of Dean in reference to the extent of his agency is somewhat discredited by the receipt which he gave, and also by the averments of the answer. It is evident from the receipt itself that Dean undertook to make a complete contract for insurance. At the time he took the application he demanded and received the plaintiff's note for the premium, the note bearing interest from date. If it had been the understanding that the insurance was not to begin until the issuance of the policy, it is not likely that the plaintiff would have consented to pay interest on his note from the date of the application. The only thing against this view is the clause in the receipt which provides that, if the policy should not be issued, the premium would be returned. This provision can only be harmonized with others by construing it to mean that the company could withdraw from the contract if it acted seasonably. Again Dean claims that he marked the application "not approved" and returned it together with the premium note to the plaintiff. The power to reject an appli-

cation once delivered, and to return the premium, would seem to imply the right to approve it in the first instance.

However, these acts of Dean do not of themselves prove his authority to accept proposals for insurance. They are merely referred to as contradictory of his sworn statement. In order to hold the defendant there must have been some independent evidence of such authority. We are inclined to the opinion that the averments in the defendant's answer furnish it. The defendant avers that it received the application; that it, with the premium note, was returned to the plaintiff with notice that the insurance was rejected; and that the insurance on the property was thereafter terminated. As Dean was the man who rejected the proposal, the answer may be construed as an admission that Dean had the right to finally pass on applications for insurance. If he had the right to *reject*, it is but fair to presume that the authority to *accept* proposals existed. We, therefore, conclude that there was some evidence tending to show a completed contract, hence it was a case for the jury.

The house was totally and the furniture partially destroyed. The court instructed as follows as to the measure of damages:

"4. The court instructs the jury, that, if they find the issues for the plaintiff, and believe from the evidence that the dwelling house of plaintiff was totally destroyed by fire, then the measure of damages is the amount for which said building was insured; and that the measure of damages on contents of said dwelling is the actual value of the property destroyed."

The plaintiff admitted that he saved the bulk of the furniture, and there was no proof of the value of that portion destroyed. Therefore, as to the furniture, the instruction was unauthorized. The house

was insured for $200 and the recovery was for $300, which shows that the instruction was prejudicial. We may at this point mention the fact, that the petition failed to allege the value of the property which was burned. As to the house the averment may not be necessary, as its total destruction is averred and proved. Revised Statutes, 1889, sec. 5897. But the statute does not apply to personal property. Revised Statutes, 1889, sec. 5898.

In the first and second instructions given at the instance of the plaintiff it was assumed that, if Dean had authority to receive applications for insurance and collect premiums, he also could bind the defendant in contracts for insurance. This was error, as we have attempted to show in our treatment of the instruction for non-suit.

By the plaintiff's fifth instruction the jury were told that, if Dean failed to forward the application and note to the defendant, or failed to return them to plaintiff within a reasonable time, then the defendant was liable for the loss. This was error. If Dean had no authority to bind the defendant in a contract of insurance, his delay could not possibly make one. *Ins. Co. v. Johnson*, 23 Pa. St. 72. Neither could the defendant be held in an action for damages for the loss, on the ground of delay in forwarding or returning the application, for the reason that the plaintiff had it in his power to protect himself by procuring other insurance. If Dean was an agent of limited authority, the delivery of the application to him was a mere proposal for insurance, and, if there was an unreasonable delay in the acceptance of the proposal, the plaintiff ought to have considered it as rejected and acted accordingly.

We find some reference in the record to other applications taken by Dean at or about the same time. It is merely stated in the record that policies were

issued by the defendant on such applications.    This had no tendency to prove, by course of business, general authority in Dean to make contracts for the defendant. If it had been shown that, by the terms of such policies, the insurance began at the respective dates of such application, this would have furnished some evidence of Dean's authority to bind the defendant.

Other objections are urged against the action of the court in refusing instructions asked by the defendant, which it is not necessary to notice.    What we have said it is believed will indicate the manner of a retrial.

The judgment of the circuit court will be reversed, and the cause remanded.    Judge BOND concurs.    Judge ROMBAUER concurs in the result.