Duff v. Fire Ass'n.

---

JOHN D. DUFF, Respondent, v. FIRE ASSOCIATION OF PHILADELPHIA, Appellant.

St. Louis Court of Appeals, January 30, 1894.

1. **Insurance, Fire**: ORAL CONTRACT. When an oral contract is made for present insurance against fire, with a further agreement for the issue of a policy, the law will imply such conditions and requirements as are contained in policies usually issued by the insured on similar risks.

2. ———: ———: PLEADING. Accordingly, in an action on such a contract the plaintiff must set forth in his petition the terms and conditions thus implied, and allege a compliance therewith on his part. And *held*, BOND, J., dissenting, that an objection to the admission of any evidence under a petition which does not conform to this rule is well taken.

3. ———: ESTABLISHMENT OF AMOUNT OF LOSS. *Held*, in the course of discussion, that under the facts of this case the insured should not be permitted to guess at the amount of his loss by merely stating his opinion in regard thereto, but should be required to establish the same more tangibly by proof of the invoice price of the stock of merchandise insured, and of the amounts of his subsequent purchases and sales.

*Appeal from the Knox Circuit Court.*—HON. BEN E. TURNER, Judge.

REVERSED AND REMANDED (*and certified to Supreme Court*).

*L. F. Cottey* and *Harrison & Mahan* for appellant.

*G. R. Balthrope* and *C. D. Stewart* for respondent.

BIGGS, J.—The petition alleges, in substance, that on the fifteenth day of June, 1891, the plaintiff entered into an oral contract of insurance with one of the defendant's local agents, who had authority to make contracts of insurance and to issue policies, by which the defendant, through its said agent, agreed to insure against fire the plaintiff's "stock of drugs, candies, nuts, etc., and drug house furniture," for the space of one year for the sum of $800; that the plaintiff paid the premium, and that the agent agreed to deliver to plaintiff one of the defendant's policies setting forth the terms of the insurance. The averments then follow, that before the policy was issued, to-wit, on the twenty-ninth day of June, 1891, the property insured was totally destroyed by fire, and that the defendant had refused to pay the loss. But there is no express averment, nor any averment by intendment even, that the plaintiff himself had complied with any conditions imposed upon him by the contract or policy of insurance. The answer was a general denial.

On the trial the defendant objected to the intro-

duction of any evidence for the reason that the petition did not state facts sufficient to constitute a cause of action. The court overruled the objection, and the defendant excepted. At the close of the plaintiff's evidence, and also at the close of all the evidence, the defendant asked the court to instruct the jury that upon the pleadings and evidence the plaintiff was not entitled to recover, which the court refused to do, and the defendant excepted. The cause was submitted to the jury, and the result was a verdict and judgment for the plaintiff for $800. The defendant has appealed.

Complaint is made in this court as to the sufficiency of the petition; the action of the court in permitting the plaintiff to introduce any evidence thereunder; the refusal of the court to direct a nonsuit; that the plaintiff's instructions enlarge the issues; that the full amount of the verdict was not authorized by the pleadings; and that the court committed error in rejecting competent evidence offered by the defendant.

We are of the opinion that the petition fails to state a cause of action, and, therefore, the objection to the introduction of any evidence was improperly overruled. For the same reason, and for the further reason that the facts proved were not sufficient to warrant a recovery, the defendant's instruction for nonsuit ought to have been given.

The validity of an oral contract of insurance was at one time questioned, but the settled opinion now seems to be that such a contract is valid. Mr. May in his work on insurance says: *"On principle* it would seem that at common law there could be no objection to an oral contract to make an insurance in future; *or to issue a policy at a time named, or within a reasonable time, holding the applicant insured meanwhile* (this is the usual agreement); or to insure *now,* making the full contract by parol, without any expectation of a policy."

1 May on Insurance, section 23 d.

Under the averments of the petition in the case at bar the oral contract was one for present insurance upon the further agreement that a policy should thereafter be issued. Under such a contract the law will imply such conditions and requirements as are contained in policies usually issued by the defendant on similar risks. This is the rule as declared by Mr. May, who says: "The terms of the agreement for a policy not specified are presumed to be those of the ordinary policies issued by the same insurers on similar risks." 1 May on Insurance [3 Ed.], section. 23. This text is well supported by the decided cases.

In the case of *Eureka Insurance Co. v. Robinson* (56 Pa. St. 256), the action was upon a memorandum of insurance, the loss having occurred before the policy was issued. The court held: "There having been no policy issued, and nothing more than the memorandum above quoted entered upon the docket of the insurers, the contract is to be regarded as made upon the terms and subject to the conditions contained in the ordinary form of policies used by the company at the time."

The same question arose incidentally in the case of *Hubbard v. Insurance Co.* (33 Iowa, 325). There the defendant sought to avoid its policy, on the ground that the plaintiff had violated the terms of the policy by taking other insurance without notice to the defendant. Subsequently to the date of the policy in suit, the plaintiff applied to another company for additional insurance on the same property. The agent gave the plaintiff a receipt for the premium, specifying the property insured and stipulating that a policy would be issued as soon as a blank should be received. Speaking of the effect of this receipt as a contract, the court said: "It must be conceded that, if it bound the company at all, and its binding effect cannot be denied,

it raised a contract of insurance in all respects like the contracts of the company as expressed in the policies commonly issued by them. The agent was not clothed with power to vary or change the policies of the company, and it cannot be presumed that such a thing was contemplated by either the agent or the assured, when the receipt was executed. The transaction, then, was a contract for insurance upon the usual terms and conditions, as expressed in the policy which the agent was empowered to issue."

The same court in a subsequent case, presenting a similar state of facts (*Smith v. Ins. Co.*, 64 Iowa, 716), reaffirmed its decision on the same question. The court also held that the plaintiff was bound to take notice of the terms and conditions of the policy, and, no policy having been issued, it was was his duty to call on the defendant to furnish him with a blank policy in order that he might acquaint himself with its conditions, and, if the defendant had refused to comply with such a request, such refusal could have been treated by the plaintiff as a waiver of all conditions.

The same question was again before the supreme court of Iowa in the case of *Barre v. Ins. Co.* (76 Iowa, 609). There the premium was paid upon an agreement to issue a policy. Before the policy was issued the property insured was burned. It was said by the court: "In our opinion, the district court rightly directed a verdict for defendant. While the action is not upon the policy of insurance, it cannot be doubted that defendant's liability must be determined by the terms and conditions of the policy, which also must determine the plaintiff's measure of damages in case he recovers. The action is on an agreement to issue a policy. Now, it is plain that plaintiff's damages are just what he would have recovered if the policy had been issued and the suit brought thereon. It is also

plain that defendant undertook to issue a policy in the usual form of its policies covering like risks. The law will presume that the minds of the contracting parties met upon a contract containing the terms and conditions of the policy usually issued by defendant covering like risks. The contract sued on contained no conditions. But it was not a contract of insurance, but a contract to issue a policy which would be a contract of insurance. But what kind of a policy was to be issued? Plainly just such a policy as defendant usually issued in such cases. *Smith v. Ins. Co.*, 64 Iowa, 716; *Hubbard v. Ins. Co.*, 33 Iowa, 325. Defendant's policy issued in cases of this kind required immediate notice of the loss to be given, and a statement of its particulars, as above stated. No attempt was made to give this notice and the statement. Under the terms of the policy the noncompliance with this condition defeats recovery on the policy."

To the same effect is the decision of the supreme court of Wisconsin in the case of *Fuller v. Ins. Co.*, (36 Wis. 599). So the supreme court of Minnesota has adopted the same rule. *Salisbury v. Ins. Co.*, 32 Minn. 458. The court of appeals of New York had the same question before it (*DeGrove v. Ins. Co.*, 61 N. Y. 594), in which it was held substantially that an agent of an insurance company had apparent authority *only* to make contracts of insurance upon the conditions contained in his company's policies in ordinary use, and that, when such an agent delivered to the applicant a receipt for the premium which contained a statement of the risk insured, such receipt was simply evidence that the assured was entitled to a policy in the usual form, and that such policy was to be looked to, to ascertain the limitations and conditions of the contract.

Now, if the foregoing cases declare the correct

doctrine, of which we have no doubt, it was necessary
to the statement of a cause of action for the plaintiff to
set forth in his petition the terms and conditions of
such a policy, and aver specifically their performance,
or to aver generally that he had performed all the con-
ditions found in such a policy.   These were constitutive
facts and under all rules of pleading ought to have
been averred.   This question of pleading was referred
to incidentally in the case of *Smith v. Ins. Co., supra.*
There plaintiff failed to plead the terms of the policy,
but the defendant in his answer did set forth its condi-
tions and limitations, and the case was tried on the
issues as made by the answer.   Under that state of the
pleading, the Iowa court held that it was not necessary
for it to inquire whether or not it was necessary for the
plaintiff to set out in his petition the form of the
policy.   In the later case of *Barre v. Ins. Co., supra,*
the plaintiff, by amendments to his petition, was com-
pelled to set forth the terms of the policy.

Our conclusion is in no way opposed to the decis-
ion of the Kansas City court of appeals in the case of
*Lingenfelter v. Ins. Co.* (19 Mo. App. 252).   In that
case the plaintiff set forth in his petition the contract
of insurance; that it was agreed that defendant would,
within a reasonable time after making the contract,
issue to the plaintiff a policy in the usual form of poli-
cies issued by the defendant, *and that he had performed
and faithfully complied with all of the requirements of the
contract.*   The court, although deciding that the peti-
tion was defective for lack of certainty, and that
advantage of such defect ought to have been taken by
demurrer or motion, held that it was good after verdict
—in other words, that there was an imperfect state-
ment, and not an absolute failure to aver the material
fact that the plaintiff had performed all of the conditions
of the policy.

We therefore conclude that the plaintiff's petition failed to state a cause of action, and that the circuit court committed error in overruling the defendant's objection to the introduction of any evidence.

In view of a probable retrial, we deem it proper to refer to the plaintiff's evidence as to the value of the goods destroyed. The only testimony on that subject was that of the plaintiff himself. He said that he *supposed* that his stock of drugs was worth $500 or $600; that he *thought* the patent medicines were worth $130, and so on through the list. As the plaintiff's books and papers were consumed by the fire, and no inventory was taken at the time the insurance was made, it was impossible for him to furnish an itemized statement of his stock. But the record shows that he bought the stock for $115, only a short time before the fire, at which time the goods invoiced about $225, which we assume was the cost price. Taking that invoice as a basis, it was certainly within the power of the plaintiff to show the amounts of his subsequent purchases and his average daily sales, thus furnishing some tangible evidence upon which the jury could approximately determine the extent of the loss. As it was, the plaintiff was permitted to *guess* at the value first, and the jury next, and upon the duplicate guesses the verdict was based.

We would also suggest that a more definite description of the property insured than that found in the petition would be better.

Judgment reversed and cause remanded. Judge ROMBAUER concurs; Judge BOND dissents, and, as he is of the opinion that this decision is opposed to that of the Kansas City court of appeals in the case of *Lingenfelter v. Ins. Co., supra,* the cause will be certified to the supreme court.

BOND, J. *(dissenting)*.—The petition in this case is, to-wit:

"Plaintiff states that the defendant is a foreign corporation doing business in the state of Missouri under the laws of the state of Missouri, and as such corporation was, at the time hereinafter stated, and is now, engaged in the business by, and through, its agents of insuring property in the state of Missouri against the risk of fire; that one Frisby H. McCullough was, on the fifteenth day of June, A. D. 1891, its local and established agent at the city of Edina, Knox county, Missouri, empowered as such agent of defendant to receive applications, to take risks and insure and issue policies of insurance on property for defendant against risks of fire; that on said fifteenth of June, 1891, plaintiff, who was then engaged in the drug and mercantile business at the town of Locust Hill, in said Knox county, and at that time owned and had in his possession a large stock of drugs, candies, nuts and such other goods as are generally kept in retail stores, and drug house furniture, at said town of Locust Hill, and desiring to have the same secured by insurance from the risk of fire, did on the said fifteenth day of June, 1891, make, and enter into, a contract of insurance with defendant by, and through, its said agent, the said Frisby H. McCullough, whereby said contract of insurance the defendant by, and through, its said agent, promised and agreed with the plaintiff to insure plaintiff's said stock of drugs, nuts, candies, etc., and drug house furniture, against the risk of fire at the sum of eight hundred (800) dollars for the term of one year, from the fifteenth day of June, 1891, at, and for, the price and sum of eighteen dollars ($18) for said risk of insurance so assumed by said defendant, and to deliver to plaintiff an insurance policy of

defendant, said policy binding defendant to pay plaintiff the sum of $800 in case said drugs, etc., and drug house furniture was destroyed by fire, within one year from said fifteenth day of June, 1891; thereupon the plaintiff paid to said Frisby H. McCullough, agent of defendant as aforesaid, the said sum of $18 in consideration of the insurance of his said property for the term of one year as aforesaid; and that said Frisby H. McCullough, as the agent of the defendant as aforesaid, did accept of said $18 in full satisfaction of the risk of said insurance on said property of plaintiff, and agreed and promised to make out and deliver to plaintiff an insurance policy of defendant to that effect, for the term of one year as aforesaid, he, the said Frisby H. McCullough, being then and there fully empowered as the agent of this defendant so to do.

"Plaintiff states that afterwards, to-wit, on the twenty-ninth day of June, 1891, all of said stock of drugs, candies, nuts, etc., and drug house furniture were wholly consumed by fire, which were of the full value of $800, and that on, or about, the first day of July, 1891, plaintiff notified Frisby H. McCullough, the agent of said defendant, at the city of Edina, of said loss by fire of his stock of drugs etc., and drug house furniture, but defendant refused, and still refuses, to pay plaintiff said loss of $800, the amount agreed upon and intended to be covered by said policy.

"Plaintiff further states that on the twenty-ninth day of June, 1891, and at the time of said fire, his stock of drugs etc., and drug house furniture was reasonably worth $800.

"Wherefore plaintiff prays judgment for eight hundred dollars ($800), and for costs of this suit and for all other proper relief."

The answer of the defendant was a general denial.

The evidence adduced by plaintiff tended to prove

the allegations made in his petition. There was a verdict and judgment for plaintiff, from which the defendant has appealed to this court.

This case is reversed in the opinion of my associates, on the ground that the petition herein failed to state the constitutive facts necessary to a cause of action, in this: that it failed to set out the *conditions* of the policy of insurance, which appellant agreed to furnish respondent. I am constrained to dissent to this conclusion reached by my associates for the following reasons.

I think the petition did state a cause of action, and that any mere imperfection or want of definiteness in its allegations could only be reached in the court below by a demurrer or a motion to make more definite and certain. *Lynch v. Railroad*, 111 Mo. 605; *Lingenfelter v. Ins. Co.*, 19 Mo. App. 252. It is only where a petition wholly fails to state *any* cause of action that an objection to the introduction of evidence is proper.

In this cause, no demurrer or motion to make more definite and certain was filed by appellant. It joined issue with respondent's petition by a general denial. On the issues thus made the cause was tried in the court below. Appellant is, therefore, precluded on this appeal from raising any question as to the insufficiency of the petition, other than a total failure to state any cause of action.

That the petition in this case does state a cause of action has been directly adjudged by the Kansas City court of appeals in the case of *Lingenfelter v. Ins. Co.* (19 Mo. App. 252). In that case, the essential averments of the petition before the court were almost identical with those of the petition in the present case. The same objection was made thereto which is relied upon in the opinion of my associates for their conclusions in this case. In disposing of the question then

before it, the Kansas City court of appeals used the following language:

"The first question, in order, raised by appellant is the sufficiency of the petition. The objections urged against it are, that it does not allege any breach by defendant of the contract, nor any refusal to issue the policy, nor does it set out what the *conditions* of the policy are.    *    *    *

"The petition was amply sufficient to advise the defendant as to the real ground of complaint, and the relief sought. It stated the essential facts out of which the liability arose. This was certainly good after verdict. If the petition was defective for lack of certainty or definiteness, the remedy was by demurrer or motion. The defendant did not demur. There is a marked difference between a failure to state the constitutive facts and an imperfect statement of the facts. The former is never waived, while the latter is cured by verdict."

In my judgment, the foregoing rule is the only one which can be logically applied in suits brought upon parol contracts for insurance. That such contracts may be enforced has been expressly decided in this state. *Baile v. Ins. Co.*, 73 Mo. 371, and cases cited; *Lingenfelter v. Ins. Co.*, *supra*; *Putnam v. Ins. Co.*, 123 Mass. 324.

The insured under such contracts has a dual remedy. He may proceed by petition in equity to compel the execution of the policy contracted for; or he may sue at law on the contract of insurance based on such facts as are disclosed in the petition in this record. In the case at bar respondent adopted the latter course. It was, therefore, only necessary for him to state the essentials of a valid contract by parol for insurance.

In discussing the evidence necessary to the formation of such a contract it has been held that, "like any

other contract, its completeness depends simply on the question, whether the minds of the contracting parties have met as to the *subject-matter* to be insured, the *amount* and *mode of payment* of the premium, and the *duration* of the risk." *Lingenfelter v. Ins. Co. supra.*

The petition alleges fully and specifically each and all of the foregoing essential elements of a valid parol contract of insurance. I can not see, therefore, how it failed to state *any* cause of action under the law as established in this state.

My conclusion is, that any mere indefiniteness in the allegations of the petition was cured after verdict supported by sufficient evidence, as in this case, and that the judgment of the lower court should be affirmed, and that the opinion of my associates is contrary to the decisions herein cited.