C. T. SATER, Appellant, v. HENRY COUNTY FARMERS
INSURANCE COMPANY.

Oral Renewal of Policy.  A verbal agreement that a policy shall be
renewed, in which the amount of insurance is not fixed, is not a bind-
ing contract and will support neither an action on policy or dam-
ages for breach of contract.

*Appeal from Henry District Court.*—HON. E. L.
BURTON, Judge.

FRIDAY, DECEMBER 14, 1894.

ACTION at law to recover the sum of eight hundred
dollars on an alleged oral contract for the insurance of
a barn which was destroyed by fire on the twenty-first
day of July, 1892.  The defendant denied that there
was any contract of insurance.  There was a trial

before the court without a jury, and a judgment was rendered for the defendant for costs.   Plaintiff appeals. —*Affirmed.*

*Stutsman & Stutsman* and *T. A. Bereman* for appellant.

*T. M. McAdam* and *W. S. Withrow* for appellee.

ROTHROCK, J.—The defendant is a mutual insurance company.   Its membership is composed of the persons who insure property in the company.   The plaintiff was a member of the company by reason of insurance on his barn.   The insurance expired on the second day of June, 1892.   About the first of July he met the secretary of the company at the end of a lane in the country.   They had a brief conversation about insuring the property again.   He claims in his petition that an oral contract was then made to "renew the plaintiff's insurance upon the terms and conditions it was before insured, and to issue a certificate or policy covering said barn, to commence and run from July 1, 1892."   The barn was destroyed by fire on the twenty-first day of that month.   There is a conflict in the evidence as to the conversation between the plaintiff and the secretary of the company.   The learned district judge who tried the cause found as a fact that there was no contract made. The findings on that question are as follows:   "The plaintiff says, as a witness, that on July 11, 1892, he met Kitchen, the secretary of the company, and Kitchen asked him if he (plaintiff) knew that his policy had run out, and asked him if he wanted to renew. Plaintiff answered, 'Yes.'   Plaintiff said, 'You write me a policy.'   Kitchen asked him, 'What amount?'   Plaintiff replied, 'Put on such amount as you think right.' Kitchen then said he would fix it up and send to me. Kitchen's testimony is somewhat different from that of

the plaintiff.   He says that, at the conversation referred
to by plaintiff, that insurance was talked about, and
the plaintiff said, 'See what you can take on the build-
ing, and send me an application.'   He says he 'told
plaintiff that he could not take as much as he did
before.'   Plaintiff said: 'It is going to rain, and I can't
attend to it now.   Send me an application.   You know
what the buildings are, and you can take what you can
on the buildings.'   The parties agree that the conver-
sation was broken off on account of a storm which was
coming up, and they were at that time in the public
road.   There is some other testimony tending to show
that the plaintiff's version of the conversation is cor-
rect, and that Kitchen was to send a policy to plaintiff,
and not an application; and also testimony tending to
show that Kitchen's version is correct, and that he was
to send an application.   I think the weight of the tes-
timony preponderates in favor of Kitchen's version."

The court, in  determining the case,  filed  a  brief
opinion, in which the following language is employed:
"Take the plaintiff's claim to be the true one—that
Kitchen was to send him a policy—yet there was no
binding contract between them.   The plaintiff admits
that the sum or risk to be taken upon the barn was
undetermined, the agent saying that he would not take
as much as he did before, and did not say what.   The
plaintiff did not say what he was willing the risk should
be, but left the sum to be taken entirely to the agent.
Here, then, was a very important part of the contract
not agreed upon; it was not determined in any manner
by the parties.   The court can not supply such aver-
ment for the parties.   It can not say that the policy
should have been for six hundred, seven hundred,
eight hundred, dollars, or any other sum.   The sum
should have been definitely fixed by the parties.   As it
was not, there was no contract.   Suppose the agent
had sent a policy for $500; would it have been binding
upon the plaintiff?   I think not."

It occurs to us that the case requires but very brief consideration. The finding of the court upon the facts is fully authorized by the evidence, and must be regarded in this court the same as the verdict of a jury; and the conclusion of law that no binding contract was made, it appears to us, follows as a necessary consequence. Counsel for appellant contends that the district court overlooked the material question presented by the pleadings. It is claimed that this action is not to recover on an oral contract of insurance as an independent transaction, but, to use counsel's language, "the action is to recover damages resulting from a failure to perform a duty growing out of an agreement to renew insurance, well understood between the parties." If it is intended by this statement that some sort of an agreement or promise which is wanting in some element essential to a binding contract will support an action for damages for a breach or failure to perform, we can not approve of any such doctrine. It would be rather too violent an assault on elementary principles. We do not intend to disturb the well understood rule that a valid contract of renewal of insurance may be made by parol, upon terms well understood by the parties, or that a parol contract to execute a policy of insurance is valid. *City of Davenport v. Peoria M. & F. Ins. Co.*, 17 Iowa, 276. The rule was recognized and followed in *Hubbard v. Insurance Co.*, 33 Iowa, 325, and in *Smith v. Insurance Co.*, 64 Iowa, 716, 21 N. W. Rep. 145; but we know of no authority or reason for holding that anything in the way of an oral promise without the essential elements of a valid contract, can be the basis of an action for damages. The judgment of the district court is AFFIRMED.