E. E. Taylor v. State Insurance Company, Appellant.

**Insurance:** ADDITIONAL: *What is contract for?* Insured told an agent, who was acting for several companies, that he ought to have another $1,000 insurance, and the agent assented. Nothing was said as to the particular property to be covered, or the terms of the policy. No premium was paid, but it had before been agreed that the agent should receive credit for such premiums on his private account with insured, without suggestion that the agent was to pay it to or for the company. Rates and companies were discussed, but not positively agreed on, and the agent was to call again for particulars. *Held*, not to be other insurance, which would avoid existing policies; though the agent issued a policy in accordance with the agreement, after the loss had occurred, which policy his company repudiated.

**Admissions for One Trial:** WEIGHT SUBSEQUENTLY. The weight to be attached to a concession, entered in an action on a policy for the purposes of one trial only, that a contract of insurance existed which might operate as a forbidden additional insurance was for the trial court on a subsequent trial against another company, the fact of the additional insurance being then denied.

**Inconsistency:** *Estoppel.* The fact that after a loss a policy was issued and antedated. and insured sued on it, and forced a compromise, does not estop him to deny the existence of the contract in an action on another policy prohibiting additional insurance, since the liability on the latter policy had attached before the former was issued.

*Appeal from Tama District Court.*—Hon. Obed Caswell, Judge.

Tuesday, January 24, 1899.

Action on fire insurance policy. For statement of facts, see *Taylor v. Insurance Co.*, 98 Iowa, 521. Trial to court, and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*O. B. Ayres* and *J. W. Willett* for appellant.

*Endicott & Pratt* and *Struble & Stiger* for appellee.

LADD, J.—By the condition of the policy sued on, it was to become void in event "of any prior or subsequent insurance, valid or invalid," unless written consent thereto was indorsed thereon. On the former trial it was conceded that additional insurance was taken from the Farmers' Insurance Company subsequent to the issuance of this policy; and we held on appeal that Bowen, the defendant's agent, was not authorized to consent thereto after the destruction of the property. 98 Iowa, 522. The plaintiff did not indulge in concessions at the last trial, but insisted that no contract for insurance was made, and the trial court so found. We may then confine our attention to this issue, for, if this finding has support in the evidence, the plaintiff is entitled to recover. The policy in suit was issued April 19, 1893, for one year, on property as follows: One thousand five hundred dollars on his two and one story brick and metal-roof building, including foundation walls, plate glass, water-heating apparatus, pipes, radiators, and connections therein, situated on lots 25 and 26 in block 14, Traer, Iowa, occupied by assured on first floor as a post office and printing office; second floor, storage. Three hundred dollars on his post-office and office furniture and fixtures, including open and lock boxes, tables, cases, desks, and iron safe and lamps. One thousand two hundred dollars on his presses, type, cases, stands, plates, imposing stones, rollers, printing paper, and all other materials, not more hazardous, usual to a country printing office, including one steam engine and boiler, all contained therein."

Was there other insurance? The plaintiff testified, in substance, that about March 1, 1894, he told Bowen, then agent of the Farmers' Insurance Company and several other companies, that he ought to have another one thousand dollars insurance, and the agent assented; that nothing was said as to any particular portion of the property to be covered, or the company to issue the policy, or the length of time it was to run; that nothing was agreed upon but the amount; that no premium was paid at any time, but it had

been previously agreed he was to give Bowen credit for such premiums on his private account for advertising; that he and Bowen discussed companies and rates, but the latter was to call again for particulars. This is fully confirmed by Bowen, who, however, thinks he responded to Taylor's request for additional insurance by saying he would give it in the Farmers' Insurance Company. The property was destroyed by fire March 30, 1894; and thereafter, but on the same day, Bowen, from data and information then obtained from Taylor, issued a policy in the Farmers' Insurance Company as of March 29, 1894, as follows: "Five hundred dollars on his two and one story brick, metal-roof building, including foundation walls, plate-glass, water-heating apparatus, pipes, radiators, and connections therein, situated on lots 25 and 26, block 14, Traer, Iowa. Occupied in first floor as a post office and printing office by assured; second floor, storage. Five hundred dollars on his presses, type, cases, stands, plates, imposing stones, rollers, printing paper, and all other material, not more hazardous, usual to a country printing office, including one steam engine and boiler contained therein." That company promptly repudiated the policy, and, unless issued by Bowen in pursuance of a previous agreement with Taylor for insurance, it did not become effective to cover any loss. See *Hubbard v. Insurance Co.,* 33 Iowa, 330. It was not "binding until countersigned by the duly authorized agent of the company at Traer, Iowa." But, if there was a binding agreement for insurance between Taylor and Bowen, it may be conceded that the policy of the Farmers' Insurance Company related back, so that it antedated the fire. *City of Davenport v. Peoria Marine & Fire Ins. Co.,* 17 Iowa, 276. To establish such a contract, the proof must show the essential elements to have been determined. Both parties must be bound,—the one to insure, and the other to pay the premium. *Sater v. Insurance Co.,* 92 Iowa, 582. It was said in *Croft v. Insurance Co.,* 40 W. Va. 508 (21 S. E. Rep. 855), that "all the elements must be agreed upon, and if anything is left

open or undetermined, so that the minds of the parties have not met, no contract exists, and there is no liability for a loss; as, where the rate of premium is left undetermined, or the time when the policy shall attach, or the apportionment of the risk has not been agreed upon, or the insured retains control over the premium note or any papers the delivery of which is a condition precedent, or if anything remains to be done by the insured as a condition precedent, as the payment of premium, or if the duration of the risk is not agreed upon." The appellant devotes fifty pages of its brief to showing that the actual payment of premiums is not essential to a binding contract. No one would care to dispute that proposition. But no authority is cited, nor can any be found, holding that no provision whatever for such payment need be shown. Here the premium was to be credited on the agent's private account, and there was not even a suggestion of its payment by him to or for the company. The agent may have expected to pay the company, and this, in a proper cause, might be inferred from their course of dealing. It was not a necessary inference, however, and the court may have concluded otherwise. Nor was the evidence such as to preclude the conclusion that no company had been selected, and that Bowen was not authorized to issue the policy from the company of his own choice. When was the policy to attach, on what portions of the property, and how long to continue? These matters were not mentioned. These essential parts of a contract of insurance, which, to be binding, must have been so complete that nothing remained to be done save the execution of the policy, had not been considered. Had the policy, issued after the fire, been tendered the day of its date, Taylor would have been under no obligations to accept it; for he might well have objected to the distribution of the indemnity provided on the property, the time the policy was to continue, the company issuing it, or because Bowen had not arranged for the payment of the premium. Can any one doubt the validity of

every one of these objections? The policy was evidently issued because of the mere talk of additional insurance, and in fact based upon an agreement, entered into after the fire, in an attempt to create a liability which did not exist. It in no manner violated the clause of defendant's policy prohibiting subsequent insurance, as its liability had already attached by reason of the destruction of the property.

II.    The appellant insists that as the plaintiff conceded at the former trial that the policy of the Farmers' Insurance Company was valid, and covered the property burned, and as the petition in his suit on that policy alleged an agreement to insure, and five hundred and fifty dollars was received thereon by way of compromise, the plaintiff should not now be permitted to deny a contract for that insurance was in fact made. But the concession was entered for the purposes of that trial only, as appears from the evidence. It might be shown in evidence. The same may be said of the petition, proofs of loss, and receipt for the amount paid. All these were in the nature of admissions. The weight to be attached to them was for the court, and, in view of the positive statements of Bowen and Taylor, we are content with its conclusion. It is also said that the plaintiff is estopped by reason of these matters from pleading or proving the non-existence of the contract. The liability of the defendant had already attached, and we know of no reason for relieving it from the payment of the amount justly due. The Farmers' Insurance Company never ratified the act of its agent in dating its policy back, and, not liable for the loss, it had the undoubted right to buy its peace without acknowledging such liability. *Hughes v. Insurance Co.,* 40 Neb. 626 (59 N. W. Rep. 112), is not in point. There the policy had been procured by an agent, and the principal, in bringing suit on it, ratified the agent's act in obtaining the policy. One may not deny the truth of an allegation successfully urged in a former action between the same parties, but he is not ordinarily estopped from doing so in an independent action against

another party, not privy to the defendant in the first suit. *Perkins v. Jones,* 62 Iowa, 345; *McLemore v. Nuckolls,* 37 Ala. 662; *Boileau v. Rutlin,* 2 Exch. 665; *Beatty v. Randall,* 5 Allen, 441; 7 Am. & Eng. Enc. Law, 3. The defendant was not induced to change its attitude in the slightest degree by reason of that suit, and ought not to be permitted to use it as a shield to avoid the payment of a just debt.

III.    Other matters are argued, but what we have said disposes of the case. The questions to which objection was made, if admitted to be defective, worked no prejudice. As to ruling on motion to retax costs, see *Palmer v. Palmer,* 97 Iowa, 454. Our conclusion renders it unnecessary to pass upon the appellee's motion to tax costs.—AFFIRMED.