HENRY S. TRASK, Respondent, v. GERMAN INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, May 15, 1994.

1. **Insurance, Fire**: PLEADING. In an action for a loss under an oral contract for immediate fire insurance, for which a policy is to be issued, the petition must aver the terms and conditions of the intended policy, and must further allege in general terms or specifically the performance of all these conditions.

2. ———: LAW AND FACT: REBUTTAL OF ADMISSION. An admission of the power of an agent of a fire insurance company to accept proposals for insurance was held to have been deducible by way of inference from a discarded pleading, and this was the only evidence of the existence of the power. On the other hand the written contract between the company and the agent denied that power to him in express terms. *Held*, that the inference had been conclusively rebutted.

*Appeal from the Crawford County Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED.

*Harrison & Harrison* for appellant.

Dean's statement of his authority and his commission from the German Insurance Company showed what his authority was beyond a doubt, as the testimony as to his authority is uncontradicted; and, in order to bind the company, the act of Dean must be

within the line of his agency. And as the plaintiff knew that the agent was to send the application to the company for its acceptance and approval, the contract was incomplete and plaintiff can not recover. *Trask v. Ins. Co.*, 53 Mo. App. 625; *Wallingford v. Ins. Co.*, 30 Mo. 46; *Brownfield v. Ins. Co.*, 26 Mo. App. 390; s. c., 36 Mo. App. 54; *Perkins v. Ins. Co.*, 4 Cowen, 651; *Thayer v. Ins. Co.*, 10 Pick. 328; *Ins. Co. v. Halzgafe*, 53 Ill. 516.

*F. H. Farris* and *J. T. Woodruff* for respondent.

Appellant's answer, together with the acts of their agent, which it unqualifiedly indorsed and ratified, all of which are in evidence, are proof of Dean's agency and authority. *Trask v. Ins. Co.*, 53 Mo. App. 625; *Coudy v. Railroad*, 85 Mo. 84, 85, and authorities cited; *Lingenfelter v. Ins. Co.*, 19 Mo. App. 267; *Gregory v. Chambers*, 78 Mo. 293; *Keim v. Ins. Co.*, 42 Mo. 41; *McCartney v. Ins. Co.*, 45 Mo. App. 382.

BOND, J.—This is the second appeal in this case. Upon the first appeal the case was reversed and remanded for error in the instructions of the court. *Trask v. German Ins. Co.*, 53 Mo. App. 625.

After the case was remanded the plaintiff filed in the circuit court of Crawford county an amended petition, which, omitting the caption and signatures, was as follows:

"Plaintiff for amended cause of action states that heretofore, to wit, on the second day of April, 1892, the defendant was a foreign insurance company duly organized under and by virtue of the laws of Illinois, and doing business in the state of Missouri under the laws of this state. And for amended cause of action plaintiff would respectfully represent that on the second

day of April aforesaid he applied to a duly authorized agent of defendant for insurance against loss or damage by fire or lightning upon his one story frame shingle roof dwelling house, including foundation, cellar, basement, addition and porticoes, and his household and kitchen furniture, useful and ornamental, including beds and bedding, sewing machine and wearing apparel of family and provision and stores, contained in said dwelling, which is situated on the west half of the southeast quarter, section 20, township 37, range 2, and northwest quarter of the northeast quarter, section 29, township 37, range 2, Crawford county, Missouri; all of which said property was then, and until after the loss hereafter mentioned, property of plaintiff.

"That defendant by its said agent on said date agreed to insure said above described dwelling and contents, and plaintiff's granary and contents, for three years from said date in the aggregate amount of $600 at a premium of $11.50, that is, defendant by its duly authorized agent agreed to insure plaintiff's dwelling house aforedescribed in the sum of $200 for three years, and his household and kitchen furniture, useful and ornamental, including beds, and bedding, sewing machine, wearing apparel of family and provisions and stores contained in said dwelling, in the sum of $200 for three years, his granary in the sum of $50 for three years, and the contents of said granary in the sum of $150 for three years, all for the premium of $11.50; that thereupon said agent charged plaintiff with the amount of said premium, and the same became a debt due and payable by plaintiff to said agent and defendant company, and that plaintiff as part payment and evidence of said debt paid said agent the sum of seventy-five cents in cash, and executed and delivered to said agent of defendant company his promissory note of even date in the sum of $10.75, due on the first day

of September, 1892, as a full payment of said premium for insurance. And it was then agreed between said agent and plaintiff that said dwelling house and contents, granary and contents aforedescribed, were insured from and after said date at the sum stipulated.

"It was then and there further agreed between plaintiff and defendant's agent that within a reasonable time thereafter a policy should be executed by said company, and delivered to plaintiff, for said sum and term and at said premium, and that said policy should be in the usual form of policies issued by said company.

"Plaintiff further states that after the said mentioned date, and after the said promise that a policy in conformity with the insurance then made between himself and the agent of defendant should be executed and delivered to plaintiff, and after said premium was paid and within the term of three years for which defendant agreed to insure plaintiff, to wit, on or about April 25, 1892, the said dwelling house, of the value of $300, and the contents thereof heretofore mentioned and intended to be insured by defendant, of the value $300, was damaged and totally destroyed by fire, and that plaintiff thereby sustained a loss and damage to the amount of $600. And plaintiff further states that immediately after the loss, in compliance with the requirements of said company and the contract made with said agent, as far as he remembered and was able to perform, gave due and proper notice to said defendant company of the loss and fire aforesaid, and demanded payment of the sum insured; but that defendant has ever failed and refused, and still fails and refuses, to pay, and that said refusal has been vexatious and arbitrary.

"Wherefore plaintiff prays judgment in the sum of $400, with ten per cent. on the said amount of loss for

the vexatious and arbitrary refusal to pay, and for costs and general relief."

Defendant answered, *first*, denying generally all the allegations of the amended petition, except the statement that defendant is a corporation of the state of Illinois doing business in the state of Missouri; *secondly*, that on or about the second day of April, 1892, plaintiff signed an application in writing to defendant for insurance for three years upon the property in his petition described, to the extent of $600; that this application was given to one Charles Dean, who was the agent of defendant for the purpose and with authority only to receive and forward to defendant applications for insurance, and to collect and transmit premiums therefor, to be accepted or rejected by defendant, and to be returned to the applicant if the risk should be rejected; that the receipt given by said Dean for the plaintiff's application set forth the reception of seventy-five cents cash and a note for $10.75, and further stipulated, to wit: "All of which are to be returned to plaintiff, if the policy should not be issued."

The defendant averred that said application was not accepted or approved, and that no policy was issued thereon; that on the eleventh day of April, 1892, said agent returned to the plaintiff by mail the said application, note and seventy-five cents.

For the third defense, the defendant alleged that plaintiff had never made proof of loss or damage to said property.

Plaintiff's reply denied that the premium paid by him for said insurance, as alleged in his petition, or any part thereof, was ever returned or received by him or any one on his behalf, and denied generally the allegations of defendant's answer. He admitted that he had not furnished proof of loss as stated in defendant's

answer, and denied that he was required by his agreement to make said proof of loss; and he averred further, to wit: "That he did not know that such proof of loss was required and had no means of knowing, but alleges that, immediately after said loss as stated in his petition, he gave due and proper notice to said defendant company of the loss, but that said company denied liability and did not request or require any proof of loss."

The defendant objected to the introduction of any evidence under the foregoing petition, for the reason, among others, that it does not state sufficient facts to constitute a cause of action. This objection was overruled by the court, to which ruling the defendant then and there excepted.

At the close of plaintiff's testimony, and also at the close of all the evidence, the defendant asked the court to instruct the jury that the plaintiff could not recover. This instruction the court refused to give, and to these rulings defendant duly excepted.

The objection to the introduction of any evidence should have been sustained under the opinion of this court (in which I do not concur for the reasons then given) in the case of *Duff v. Fire Association of Philadelphia*, 56 Mo. App. 355. In that case a similar objection was held to be well taken on the ground to wit: "It was necessary to the statement of the cause of action, for the plaintiff to set up in his petition the terms and conditions of such a policy, and aver specifically their performance or to aver generally that he had performed all the conditions found in such a policy. These were constitutive facts, and under all rules of pleading ought to have been averred."

That case, like the present one, was based upon an oral contract of present insurance, to be substituted in

a reasonable time by a policy setting forth the conditions of insurance procured by plaintiff.

The petition in the case at bar wholly fails to set forth what conditions were to be contained in the future policy. It merely alleges "that said policy should be in the usual form of policies issued by said company." This was no compliance with the requirement of the above quoted rule. Neither does the petition in the present case allege the performance of any other condition required by the accepted policy, than the giving of notice of the loss. It was, therefore, insufficient also in its allegations of performance.

The foregoing rule requires that the petition on an oral contract for the future issuance of a policy shall set forth: *First*. What are "the terms and conditions of such a policy?" *Second*. An averment of their specific performance, or a general averment of the performance of all the conditions found therein. It is evident, therefore, that the petition in this case does not meet either of these requirements.

The only theory, on which this case was remanded on the former appeal, was that the answer *then* on file afforded an inference of "a completed contract, hence it was a case for the jury." Since the cause was sent back, an amended answer was filed, whose statements show explicitly that the application of plaintiff never reached defendant, and was never accepted or approved, and that defendent's special agent, who alone received it, returned the same and the premium note and cash to plaintiff.

From these statements no deduction of a completed contract could be drawn, and, whatever inference as to the power of the agent to complete the contract might have arisen from the averments of the former answer, if it had been retained on the trial, it is plain that no such inference could have been drawn

by the jury on the second trial, when its only basis was the discarded pleading, and when it was opposed by the evidence of the written authority of said agent "only to receive and forward to this company applications for insurance, and to collect and transmit premiums therefor," and evidence of a reservation to the company of the right "in *all cases* to accept or reject any and all applications which may be received by such agent," and when it was not supported by any evidence of a holding out of said special agent by defendant as having any greater authority than that conferred upon him by the terms of the special agency under which he was employed.

As there was, therefore, no substantial evidence upon which to rest the verdict in this case, the judgment rendered thereon is reversed. Judge ROMBAUER concurs. Judge BIGGS is absent.

### CONCURRING OPINION.

ROMBAUER, P. J.—When this case was last before this court, I concurred in the *result* of an opinion, which reversed the judgment and remanded the cause in order that the plaintiff might have an opportunity upon a second trial to make a showing entitling him to a recovery. We have frequently done this in cases where a judgment was rendered in favor of a party, and was reversed by us as unsupported by the evidence, and where there was a probability that upon a second trial such party might make a better showing. As the case is now finally to be disposed of, I deem it proper to say that I did not concur in so much of the opinion as held that there was some evidence at the preceding trial of a completed contract of insurance. That view, as the opinion reported in 53 Mo. App. 625 shows, was sought to be supported on the theory that from

proof of an agent's power to *reject* an application an inference is admissible of his power to *accept* it. Such, I contend, is neither the law of agency nor the law of evidence. A right to solicit necessarily includes a right not to take and hence to reject. But how from a right to reject a power of unconditional acceptance can be deduced by logical inference, I can not conceive. I doubt whether a case can be found within the range of the decided law that so holds.

I concede that, under the rules governing appellate procedure in this state, the opinion filed in this cause upon its last appeal was the proper guide for the trial court at the last trial, *being the law of the case.* There is, however, this essential difference between the last and the preceding trial. At the preceding trial the admission claimed arose, if at all, upon the defendant's answer at the time, and hence was a record admission. Upon the last trial the admission claimed arose upon an abandoned pleading, which, though admissible in evidence under our practice, furnishes the weakest kind of evidence, and is subject to rebuttal. It was thoroughly rebutted by the uncontroverted proof of the agent's limited authority, and there was no evidence whatever that the defendant ever held out its agent, either to the plaintiff or anyone else, as possessing greater powers than those contained in the written authority under which he acted. As all the facts have now been elicited and still fail to show any right of recovery on the plaintiff's part, there is no reason why the cause should be remanded for further trial.