Brace, P. J.
This cause is certified here from the St. Louis court of appeals, on the dissent of one of the judges of that court from the decision of the majority, reversing the judgment of the circuit court of Knox county in favor of the plaintiff, and remanding the cause for new trial, the dissenting judge being of the .opinion that the decision of the majority of the court is in conflict with the previous decision of the Kansas *465 City court of appeals in the case of Lingenfelter v. Ins. Co., 19 Mo. App. 252. The case is reported in 56 Mo. App. 355.
The petition is set out in haec verlae in the dissenting opinion of Judge Bond on pages 363, 364 of that report.
Its substantive averments are: That on the fifteenth day of June, 1891, the plaintiff entered into an oral contract with the defendant’s local agent, having authority to make contracts of insurance and to issue policies, by which the defendant, through its said agent, in consideration of the sum of eighteen dollars premium to him then paid, promised and agreed with plaintiff to insure his “stock of drugs, candies, nuts, etc., and drug house furniture” in the sum of $800 against loss by fire for the term of one year from said date, and to deliver to plaintiff an insurance policy of defendant binding it to pay plaintiff the sum of $800, in case said property was destroyed by fire within one year from said fifteenth day of June, 1891, that afterward, to wit, on the twenty-ninth day of June, 1891, all of plaintiff’s said “stock of drugs, candies, nuts, etc., and drug house furniture” and which were of the full value of $800, were wholly consumed by fire; that afterward on the first- day of July, 1891, the plaintiff' notified said agent of defendant of said loss by fire of the property so insured but defendant refused to pay said loss, Wherefore he prays judgment, etc. The answer was a general denial.
1. The errors assigned are the action of the court in permitting the plaintiff to introduce any evidence under the petition; the refusal of the court to direct a nonsuit; that plaintiff’s instructions enlarge the issues, and that the full amount of the verdict was not authorized by the pleadings and evidence.
*466 The ruling of the court of appeals is disclosed by the following extract from the opinion of the majority of the court delivered by Judge Biggs.
“We are of the opinion that the petition fails to state a cause of action, and, therefore, the objection to the introduction of any evidence was improperly overruled. For the same reason, and for the further reason that the facts proved were not sufficient to warrant a a recovery, the defendant’s instruction for nonsuit ought to have been given.”
The particular in which the petition was held to be defective, as appears from the opinion, is that the plaintiff failed'to set forth in his petition the terms and conditions of the policy that was to have been issued in pursuance of the contract stated, and to “aver specifically their performance or to aver generally that he had performed all the conditions found in such a policy.” The court construed the contract sued on to be a contract for present insurance, with the further agreement that thereafter a policy should be issued, and predicated the necessity of the averments aforesaid to constitute a cause of action on the rule quoted from 1 May on Insurance [3 Ed.], sec. 23, that, “the terms of the agreement for a policy not specified are presumed to be those of the ordinary policies issued by the same insurers on similar risks,” and the cases cited by the author in support thereof in note 2 to that section.
We agree that the rule as stated in the text is well supported by those eases, but we fail to discover in the application thereof in those cases any at thority for the conclusion, reached in the majority opinion, that the petition in this ease failed to state a cause of action because it did not set out the conditions of the policy, issued by the defendant on similar risks, as the conditions of his contract, and aver the performance thereof on his part either specifically or generally.
*467 While the benefit of the presumption contained in the rule, in actions upon contracts, like the one in hand, were given to the defendants in those cases, in no one o'f them was it held, or even intimated that it was necessary for the plaintiff to set out the conditions of a policy never issued, and to aver their performance; and in but one of them was the rule mentioned, in connection with the subject of pleading, in which case the court simply said: “It is not important to inquire whether the form of policy stipulated for should have been pleaded by the plaintiff or not. It was not pleaded by him, and, it not being so pleaded, it was proper for the defendant to plead it. This the defendant did, setting out the condition in question, and averring a breach thereof.” Smith v. Ins. Co., 64 Iowa 716.
In another of these cases the court said: “Upon an oral contract of insurance, where nothing is said about conditions, if a policy is to be issued, the parties are presumed to intend that it shall contain the conditions usually inserted in policies of insurance in like cases, or as have been before used by the parties. That a particular condition is usual must be shown by the party who insists upon it, who has the affirmative.” Salisbury v. Ins. Co., 32 Minn. 458.
In this case the court touches the true situation, for, as was said in Lingenfelter v. Ins. Co., 19 Mo. App. 252, “insurance is simply a contract ‘whereby one for a consideration undertakes to compensate another if he shall suffer loss.’ May on Ins., sec. 1. Like any other contract, its completeness depends simply on the question, whether the minds of the contracting parties have met as to the subject-matter to be insured, the amount and mode of payment of the premium, and the duration of the risk. The policy, in the absence *468 of a contrary (Stipulation and understanding, during the negotiations, is only evidence of the contract. ‘It is but the form and embodiment, the expression and evidence, of what has already been agreed upon, adding nothing thereto, and detracting nothing therefrom. * * * May on Ins., sec. 43.’”
When a policy has been issued “the form and embodiment, the expression and evidence” of the contract, is with the insured, and in an action thereon by him he must set out the condition, if any,'upon which a right of recovery thereon is dependent, and aver performance thereof; when no policy has been issued, and the action is upon an oral contract in which no conditions are mentioned, but in which, under the rule mentioned, the law implies conditions, “the form and embodiment, the expression and evidence” of the contract as implied, is with the insurer, and, if he relies upon conditions in his policies, issued on similar risks, to defeat a recovery upon the oral contract, it is for him to show what those conditions are and a breach thereof; for the implication of law which gives him that defense has nothing to rest upon until the form and conditions of said policies are shown. They are within the knowledge and control of the insurer; they are not within that of the insured, and until brought into the case by the insurer he is in no condition to invoke this legal implication.
Facts raised by merely legal implication can not be constitutive facts necessary to be averred, in order to state a cause of action, under our system of pleading. Such constitutive facts are the actualities of the transaction. A legal implication, from those actualities, of other facts, may authorize the use of such implied facts to defeat a recovery, but can not be essential to the statement of a cause of action which arises, if at all, upon the statement of the actual facts.
*469 If such implied facts need not be. averred in order to state a cause of action, much less need they be averred for the purpose of making an anticipatory plea discharging their force and effect. It was for the defendant to show that the actualities of the transaction in this case are subject to the implication, the protection of which it seeks, which it could only do by producing the form of policy which the association issues upon similar risks, containing conditions which must be performed before recovery can be had, and showing a breach of some such conditions. Unless such form, containing such conditions, be pleaded and produced by the defendant on the trial, no implication could arise that plaintiff’s contract was made with reference to the particular conditions therein contained, and the plaintiff may recover on the actual completed oral contract of insurance without conditions, just as it was in fact made and set out in the petition.
The defendant was advised by the petition in this case of the real ground of complaint, and the relief sought, with sufficient particularity to enable it to plead intelligently thereto, and the circuit court did not err in overruling defendant’s objection to the introduction of any evidence in support thereof.
The plaintiff’s evidence tended to prove all the material allegations contained in the petition, and the court committed no error in overruling the demurrer thereto, and in refusing an instruction for a nonsuit at the close of all the evidence.
2. The question as to whether the insurance was to commence upon the date of the agreement and payment of the premium, or not until an invoice of the goods was made and deposited, on which there was conflicting evidence, was a question of fact that was properly submitted to the jury.
*470 3. It appears very plainly from the allegations of the petition that the property insured was the drug house furniture and the stock of drugs, candies, nuts, and such other goods as are generally kept in retail in the country drug stores in the town of Locust Hill in Knox county, Missouri, of which plaintiff was then the owner, and which was subsequently destroyed by fire. There was evidence tending to prove that the whole of the property was destroyed, and that it was of the value of $800.
We fail to find in the evidence that anything was included in this valuation that would not properly come within the description of the property insured, or that by the instructions the jury were authorized to return a verdict for the value of any property not so insured. And finding no error .in the trial calling for a reversal, the judgment of the circuit court will be affirmed.
All concur; Barclay, J., in the result.