NIAGARA FIRE INS. CO. v. LOLLAR.

(Court of Civil Appeals of Texas. Texarkana. April 2, 1913. On Motion for Rehearing, May 1, 1913.)

1. NEW TRIAL (§ 86*)—GROUNDS—ABSENCE OF ATTORNEYS.

Where nonresident attorneys of defendant were notified by the clerk of the court that the case would not be set down for trial on any particular day of the term, and that it was necessary to watch the docket and try the case when it was reached, and were subsequently advised that the court on a designated day would set the jury docket, a denial of a new trial on the ground of the absence of the attorneys at the time of the trial was not an abuse of discretion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 172–174; Dec. Dig. § 86.*]

2. INSURANCE (§ 634*)—FIRE INSURANCE—ACTIONS—PETITION—SUFFICIENCY.

A petition in an action on a fire insurance contract, which alleges the existence of a parol contract which does not require proof of loss as a condition precedent to an action for a loss, and which does not contain agreements as to sole unconditional ownership and actual value of the property damaged or destroyed, is sufficient as against the objection that it does not allege the furnishing of proofs of loss or plaintiff's

unconditional and sole ownership and the actual value of the property damaged or destroyed.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1593, 1596, 1598, 1603–1606, 1608; Dec. Dig. § 634.*]

On Motion for Rehearing.

3. INSURANCE (§ 629*)—FIRE INSURANCE—ACTIONS—PETITION—SUFFICIENCY.

A petition in an action on a fire insurance contract, which alleges facts authorizing proof of either a written or an oral contract of insurance, is not demurrable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1575–1580, 1584–1586, 1592, 1598; Dec. Dig. § 629.*]

4. PLEADING (§ 48*)—PETITION—SUFFICIENCY.

Whether a petition states a cause of action must be determined by the allegations in it and without reference to testimony in support of it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 105, 106; Dec. Dig. § 48.*]

Appeal from District Court, Hopkins County; R. L. Porter, Judge.

Action by J. C. Lollar against the Niagara Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

In his original petition filed August 1, 1912, appellee, who was the plaintiff below, alleged that on February 4, 1912, appellant proposed, if he would pay it $35, to insure a house and merchandise situated therein owned by him against loss by fire for a period beginning said February 4th and ending February 4, 1913. He then alleged that he accepted the proposition and paid appellant the $35, and that appellant "accepted same and did insure plaintiff's said property for the sum of $1,000 during said period of time." He then further alleged as follows: "That on or about the 30th day of May, 1912, his storehouse and his said goods contained therein were burned and entirely destroyed by fire, after which time plaintiff demanded of defendant that it pay him said $1,000 as it had contracted to do, but plaintiff says that it failed and refused so to do or to pay any part thereof; that the amount for which the house was insured was $200 and the amount for which the goods were insured was $800; that defendant's failure to pay same caused plaintiff to be damaged in the sum of $1,000 caused by said fire and defendant's failure to pay said insurance. Wherefore plaintiff says that, by reason of the premises, defendant became liable and was and now is due him said sum that it so refuses to pay."

In its answer filed August 17, 1912, appellant demurred generally to the petition, and specially on the ground that it did not appear from the allegations therein "that any proof of loss was furnished to it as required by the terms of the contract sued upon." After denying the truth of the allegations in the petition, appellant in its said answer specially alleged that if it issued a policy to appellee, which it did not admit, same contained a stipulation that it should not, in the

event of the loss of the goods by fire, be liable for more than three-fourths of their value, and also contained stipulations and conditions which were not complied with by appellee as follows: (1) That appellee would make, securely keep, and, in the event of a loss of the goods by fire, deliver to appellant inventories and books described. (2) That within 90 days after a loss by fire appellee would furnish to it proof of loss as particularly specified.

In a supplemental petition filed August 29, 1912, appellee, among other things, alleged as follows: "That he had no knowledge of the warranty provisions in the policy which evidenced the contract of insurance; neither did he know of the other provisions impleaded by the answer of defendant, and that he had no opportunity of knowing or acquiring a knowledge of said warranties or provisions impleaded by defendant in its said answer; that he agreed orally with defendant, through its agents Foscue and Pate, that plaintiff would pay defendant $35 to insure said property for $1,000 during said time, and defendant orally agreed to insure said property for said amount during said time, through said agents. He says that it is true that thereafter defendant reduced the said agreement to writing and signed same, together with said warranty clauses and conditions precedent, as shown by defendant's answer, after the time of making the oral contract and after it had received its payment, but plaintiff had no knowledge of what it contained and never saw said written instrument until after his said property was destroyed by said fire; that the defendant, through its said agents, kept possession of the said policy to the entire exclusion of the plaintiff and did not at any time disclose to or inform plaintiff of any of the contents of said written policy, except that plaintiff's said property was insured for the amount of $1,000, and did not disclose to plaintiff that there was any other agreement in the written instrument; that plaintiff had no notice that said warranty clause or other limitations impleaded by defendant were contained in said written instrument, and had no means of knowing or learning said facts." Appellee then alleged that the property destroyed by the fire was of the value of $3,000, while the total insurance on same was only $1,500. In his supplemental petition appellee alleged facts he relied on to show a waiver by appellant of stipulations and conditions in the policy set up by it to defeat the recovery sought against it.

The trial was to a jury on August 30, 1912, and resulted in a verdict and judgment in appellee's favor for \$1,000.

Crane & Crane, of Dallas, for appellant. D. Thornton, of Sulphur Springs, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] One of the grounds of the motion for a new trial was the absence of appellant's attorneys from the court at the time the case was tried. It was alleged in the motion that said attorneys resided in Dallas, 85 miles from Sulphur Springs, where the trial was had. The only reason assigned for the absence of the attorneys from the court was that they did not believe the case would be reached for trial as soon as it was reached. It was alleged in the motion that said attorneys on August 15th wrote appellee's attorney advising him they represented appellant and would "forward an answer to the clerk, together with jury fee," and requesting him to advise them "when the case is set down for trial," and that appellee's attorney on August 16th replied as follows: "Will ask for a jury for you, but can't set the case. We have no assignment of cases in this court, and it is hard to tell when one can get a chance of trial in a jury case. There are several cases ahead of the Lollar Case. They may be tried or may be continued or settled, can't tell, and the court won't hold a jury for a case the trial of which has been postponed, and we will have to watch the cases and try when we can." It was further alleged in the motion that on August 16th appellant's attorneys wrote the clerk, sending its answer to the petition and the jury fee, and requesting him to see that the case was placed on the jury docket and to advise them "when the court will set its jury docket," and that the clerk replied that he would see that the case was placed on the jury docket and that the court would "set its jury docket on Wednesday, August 28th." Appellant then alleged that from the replies received to their said letters its attorneys "were led to believe and did believe that on August 28th the court would set this cause along with the cases for some certain time, and that they would be notified of the setting thereof. That in view of the fact that this cause is an appearance case, and that there were several cases ahead of it, they were led to believe, and did believe, that same would not be reached during the first week of court, but probably during the second week of said term." Appellant further alleged in said motion that its attorneys had found it to be "a uniform custom among members of the bar of the state of Texas to notify nonresident counsel of the setting of cases; that the letter from Mr. D. Thornton, counsel for plaintiff, was of the character to lead, and which did lead, defendant's counsel to believe that plaintiff's counsel would conform to such custom and notify the defendant's counsel of the setting of this case, and they relied upon him to do. so." Appellant then alleged that it had a meritorious defense to appellee's suit, setting out same at length, offered to try the cause at any time during the term the court might select, and further offered to abide by any conditions the court might impose as to costs if the new trial should be granted. The

motion, in the respects stated, was sworn to by one of appellant's attorneys. It was controverted, in some of those respects, by a sworn answer thereto filed by appellee. As we are of the opinion it should not be said, even on appellant's own showing as to the facts, that the court abused the discretion he possessed when he overruled the motion, the allegations in said answer need not be set out. As supporting its contention that its motion should have been granted, appellant cites several cases, relying on Scottish Union & National Ins. Co. v. Tomkies, 28 Tex. Civ. App. 157, 66 S. W. 1109, as being most nearly in point. But in that case it appeared that the appellant's attorneys were justified, by the circumstances shown, in concluding that it would not be reached for trial so soon as it was reached, and therefore that they were not without excuse for their failure to be present at the trial. In this case we think the trial court, from the allegations in the motion, and without reference to matters set up by appellee in its answer controverting same, was entirely justified in concluding that appellant's attorneys did not have a right to believe the case would not be reached for trial so soon as it was reached. They were advised by the clerk in his letter of August 17th that the court would set the ·jury docket on August 28th, and informed by appellee's attorney in the letter he wrote to them August 16th that the case could not be set down for trial on a· particular day of the term, but that it would be necessary to watch the docket and try it when it was reached.

[2] It is insisted that the petition did not state a cause of action, because it did not contain an allegation that appellee had furnished proof of the loss sustained by the fire. It was claimed that, by the terms of the policy issued to appellee, furnishing such proof was a condition precedent to his right to maintain a suit against appellant. If it appeared that the suit was on the written policy, there would be merit in the contention. Insurance Co. v. Bowlin, 70 S. W. 797. But, by reference to the allegations in the original and supplemental petitions set out in the statement, it will be seen that the suit was not on the policy, but on a parol contract free of such a condition. Therefore the contention is overruled. Cohen v. Insurance Co., 67 Tex. 325, 3 S. W. 297, 60 Am. Rep. 24; Duff v. Fire Association, 129 Mo. 460, 30 S. W. 1034; 1 Cooley's Briefs on Insurance, 405.

It is next insisted that by the terms of the policy it covered the risk only while appellee was the sole and unconditional owner thereof, and that, "there being no averment in plaintiff's petition that at the time of the fire he had an insurable interest in the property alleged to have been destroyed, the plaintiff was not entitled to recover, even if an insurable interest in him was proven." And finally it is insisted that by the terms of the policy appellant "agreed to pay plaintiff the actual cash value of the property damaged or destroyed, not to exceed the amount named in the policy; and, there being no averment in plaintiff's petition as to the value of the property alleged to have been destroyed, the plaintiff, as a matter of law, was not entitled to recover, even though the value was proven." It is a sufficient answer to these contentions, we think, to repeat that the suit was on a parol contract to insure, and not on the written policy.

The judgment is affirmed.

### On Motion for Rehearing.

[3, 4] The statement in the opinion that it appeared from the allegations in his pleadings that appellee's suit "was not on the policy, but on a parol contract," is inaccurate. The allegations in the petition authorized proof of either a written or an oral undertaking on the part of appellant to insure appellee against loss by the destruction of his storehouse and stock of goods by fire. But the fact that the petition should be so construed did not subject it to the objections urged in the assignments attacking it, and therefore the disposition made by us of those assignments was not erroneous. If the sufficiency of the petition should be tested by the proof adduced by appellee instead of by the allegations therein, appellant's contention that it did not state a cause of action, because it did not show a compliance with conditions precedent to appellee's right to maintain a suit, contained in the contract proved, doubtless should be sustained. But, as we understand it, whether a petition in a given case states a cause of action or not is to be determined by the allegations in it, and without reference to testimony adduced in support of it. . Whether on the testimony adduced the plaintiff under his allegations was entitled to· judgment or not is another question, and one not raised by the assignments, as we construe them.

The motion is overruled.