HARVE T. BESWICK, Appellant, v. NATIONAL
    CASUALTY COMPANY, Respondent.

Kansas City Court of Appeals, December 20, 1920.

1. **INSURANCE: Agency: Limited Authority: An Agent Authorized
   to Solicit Insurance and Collect Premiums not Authorized to Make
   Insurance Contracts.** Ordinarily an agent having authority mere-
   ly to solicit life insurance and collect premiums, but who does
   not issue or countersign policies, is not authorized to make con-
   tracts of insurance.

2. ————: **Application Mere Proposal, Effective Upon Acceptance.** An
   application for insurance is a mere proposal on the part of the
   applicant and the contract does not come into existence until the
   proposal has been accepted by the company.

3. ————: **Agent: Apparent and Real Authority: Insurance Contract
   Began Date of Application Notwithstanding Stipulation Not to be
   Binding Until Accepted by Company.** Where an insurance agent
   had authority to fill out and deliver receipt upon a blank pre-
   pared by insurance company for such use, and blank thus prepared
   shows that by filling it out the agent could specify the date to
   which the policy could be carried, which necessarily fixed the
   date when such insurance would begin, and the agent not only
   told plaintiff the insurance would begin on the date the applica-
   tion was signed, but in giving it, he filled out the receipt for the
   annual premium, specified the date to which such payment would
   carry the policy, as being one year after the date of the signing
   of said application, it is *held* that the insurance began on the date
   of the application, although there was a stipulation in the ap-
   plication that it should not be binding until accepted by the com-
   pany.

4. ————: ————: **Exceeding Authority: Ratification: Waiver: Es-
   toppel.** Where an agent exceeded his authority in fixing the com-
   mencement of the contract, the company by accepting and re-
   taining the money secured under such circumstances ratified the
   act of the agent, waived any provision in the contract to the con-
   trary, and is estopped from denying the authority of such agent.

Appeal from Bates County Circuit Court.—*Hon. C. A.
          Calvird,* Judge.

REVERSED AND REMANDED,

*W. M. Bowker* and *J. M. Hull* for appellant.

*Charles E. Gilbert* for respondent.

TRIMBLE, J.—Plaintiff's suit is on a contract of accident insurance. The case was tried by the court without a jury and judgment was for the defendant. Plaintiff has appealed.

Louis Cox was defendant's local agent to solicit and secure insurance. According to defendant's own evidence,, he was furnished with application blanks to be signed by persons desiring insurance, and attached to each of said application blanks was a printed receipt furnished by the company to be filled out by the agent and delivered to the applicant. The General Manager of defendant, and the latter's witness, testified to this and that the agent *had authority to fill out the receipt,* detach it from the application and deliver it to the applicant. Said receipt blank was as follows:

"_____

Received of——— an application for a Policy in the National Casualty Company, and the sum of $—being payment in advance to carry the policy to ———.

(Signed) ———.

It is expressly *agreed,* that should the said Company *decline* or *fail to issue a Policy herein in twenty days* from the date hereof, *the amount of payment* actually made *shall be returned* to said applicant by the person signing this receipt.

Applicants will please notify the Company at Detroit, Mich., should the policy not be received in ten days from the date hereof."

Plaintiff was solicited by the agent Cox on October 1, 1917, and the latter told plaintiff that his insurance would be in effect as soon as he signed the application and the note for the annual premium. Thereupon plaintiff agreed to sign the application and execute to the agent his note for the said premium, and the agent filled out the blanks in the application and receipt. The plain-

tiff then signed the former and the agent signed and detached the letter and delivered it to the paintiff. As thus filled out and delivered, said receipt read as follows:

October 1, 1917.

Received of H. T. Beswick an application for a Policy in the National Casualty Company, and the sum of $23 being payment in advance to carry policy to October 1, 1918.

(Signed) Louis Cox.

It is expressly agreed, that should the said Company decline or fail to issue a Policy hereon in twenty days from the date hereof, the amount of payment actually made shall be returned to said applicant by the person signing this receipt.

Applicants will please notify the Company at Detroit, Mich., should the policy not be received in ten days from the date hereof."

The note for the annual premium given by plaintiff to the agent was, on the same day, October 1, 1917, cashed at the bank and the agent, after retaining the portion due him as commission, sent the remainder to the Company along with the application. Said note was due on or before sixty days after date and plaintiff paid it off on October 13, 1917.

The policy did not come within the ten days, and on October 14, 1917, plaintiff, as requested in the receipt, wrote to defendant but got no reply, nor was any policy received within the twenty days specified in the receipt.

The defendant Company received the application, approved the insurance and issued a policy thereon, but instead of dating it October 1, 1917, dated it November 1, 1917. According to defendant's evidence, the application was finally passed upon on November 1st and the policy was issued on that day and yet according to its evidence, the application was not received by the Company until November 5th, which would have been the Company approving the insurance and issuing the policy five days *before* the application was received. There is no question but that the policy was dated November 1,

1917, instead of October 1, 1917, and here is where the controversy comes in: Plaintiff was accidentally injured on the 18th of October, 1917, and when he gave notice thereof to the Company, it declined to pay on the ground that the insurance was not in force at that time and did not go into effect until after that time.

It is true that, ordinarily, an agent having authority merely to solicit life insurance and collect premiums, but who does not issue nor countersign policies, is not authorized to make contracts of insurance. [Rhodes v. Kansas City Life Ins. Co., 156 Mo. App. 281, 284.] And it is furthermore true that an application for insurance is a mere proposal on the part of the applicant and a contract does not come into existance until the proposal has been accepted by the Company. [Edwards v. Business Men's Acc'd. Assn., of America, 221 S. W. 422, 425; National Fire Ins. Co., v. Patrick, 198 S. W. 1050, 1053; Rogers v. Equitable Mut. Life, etc., Assn., 103 Iowa, 337; Anderson v. Mut. Life Ins. Co. of N. Y., Poe 726; Bowen v. Prudential Ins. Co. of America, 144 N. W. 543.]

But does the case at bar come within the purview of the foregoing rule and the above named cases? Here the agent, according to defendant's testimony, had authority to *fill out and deliver* a receipt the blank for which was prepared by the insurance company for such use, and the blank as thus prepared shows that, by filling it out, the agent could specify the date to which the policy could be carried, which necessarily would fix the date when such insurance should begin. The agent not only told plaintiff that the insurance would begin on the date the application was signed and the note given, but he filled out the receipt for the *annual* premium and specified the date to which such payment would carry the policy as being October 1, 1918, which necessarily meant that the year of insurance would be from October 1, 1917, to October 1, 1918. He also cashed the note on October 1, 1917, thus treating the insurance contract as an existing fact. In the Rogers case supra, 103 Iowa, 337, 341, the court say: ''There are cases in which recovery has

been sustained for losses occurring before the policies issued, but they all turn on a different state of facts. In such cases the contract of insurance *was complete without the policy, and the policy was to issue in pursuance of such a contract."* (Italics ours). In the Patrick case, supra, 198 S. W. 1050, 1053, the court say: "There is no evidence that the insurance applied for should be effective from the date of the application." The court further held that the facts in that case under proper pleadings might have authorized the finding that the soliciting agent had authority to contract with the applicant that the insurance should be effective from a certain date, and if the application was accepted under such an agreement or understanding the company might be estopped from denying such a contract.

Certainly the plaintiff, seeing the receipt, the blank for which was prepared and furnished by the Company, and which was so prepared that the agent could specify the date to which the insurance should extend, would understand that the agent had authority to agree that the insurance should begin on that date; and where an agent has *apparent* authority, his acts will bind the company. [Shook v. Retail Hardware, etc., Ins. Co., 154 Mo. App. 394; Jones v. Prudential Ins. Co., 173 Mo. App. 1; Ormsby v. Laclede Farmers, etc., Ins. Co., 98 Mo. App. 371.] It is true, two of these cases are of fire insurance where the agent has authority to issue policies and make contracts of insurance; but the principle is applicable here. Besides, in this case the agent not only had apparent but *real* authority since the evidence is that he was given these blank receipts *with authority to fill them out* and deliver them to the applicants.

But the application contained this clause: "I agree that this application shall not be binding upon the Company until accepted either by the Secretary at the Home Office or by an agent duly authorized to issue policies." And defendant contends that this entirely defeats any idea or provision that the insurance should begin on the date of the application. We do not think this clause has

reference to the *time when* the insurance, *if accepted,* is to *take effect,* but only makes the contract of insurance, which the plaintiff sought, *subject* to defendant's acceptance. If the defendant did not choose to accept the insurance thus proffered, it could decline it and return the premium, and it was *agreed* in the receipt that if they did not accept it in twenty days they would return the money. They did not decline the insurance. They accepted it but chose to date the policy November 1, 1917, which made it commence after the accident had occurred. The duty of the defendant, if it chose to accept the insurance at all—and it *did* choose to accept it—was to issue the policy pursuant to the terms of the contract made by its authorized agent with the applicant. [Robinson v. United States Benevolent Society, 132 Mich. 695, 700.]

In addition to this, there was a further binding obligation on the Company in this receipt, binding because the Company authorized it, namely, that its declination of the insurance should be within twenty days from the date of the receipt and the premium paid should be returned. This was not done though the plaintiff, in obedience to the requirement of the receipt, notified the Home Office after the expiration of ten days that no policy had come (which is not denied), and yet, notwithstanding this and the provision in the receipt, the Company kept plaintiff's money and never issued his policy until November 1st and then dated it as of that date, instead of as of October 1st as had been agreed upon. Under the contract thus made, if the Company accepted plaintiff as a risk at all, they were bound to issue a policy commencing October 1, 1917, and ending October 1, 1918, for that is what he contracted and paid for. They did accept him; they approved the insurance; they did not decline or reject it, but accepted it and kept his money. Hence the contract was complete and covered insurance from October 1, 1917, to October 1, 1918, and the plaintiff was entitled to a policy issued pursuant thereto and giving

him insurance for that period of time. Such contracts of insurance are valid in this State. [State ex rel. v. Revelle, 257 Mo. 529; Prichard v. Conn., etc., Ins. Co., 203 S. W. 223; Duff v. Fire Ins. Co. of Phila., 129 Mo. 460; King v. Phoenix Ins. Co., 195 Mo. 290.]

But even if the clause in the application is not susceptible to the interpretation we have placed upon it, and even if it is in conflict with the contract as evidenced by the receipt, still it is a provision in favor of the insurer which the latter may waive. And even if the agent exceeded his authority in fixing the commencement of the contract, still the Company, by accepting and retaining the money secured under such circumstances by their agent, may ratify the act of its agent, may waive the above quoted provision, and be estopped from denying the authority of such agent. [Bell v. Missouri State Life Ins. Co., 166 Mo. App. 390; Norman v. Order of United Com. Trav. of America, 163 Mo. App. 175.] The money was paid on October 1, 1917. The Company was informed of the facts and of plaintiff's contention that the insurance was in force at the time of the injury very shortly after it occurred. Suit was brought on the claim in August, 1918, and in this the Company was minutely informed as to all the facts. Yet they retained plaintiff's money and have ever since retained it, never making any tender of it in the pleadings or elsewhere except that some kind of an offer was read into the record on the trial of the cause which was had on the 25th of May, 1920. It is urged that the retaining of the money does not constitute a waiver or estoppel because it is for the insurance for the year beginning November 1, 1917. But that was not the insurance contracted and paid for, nor for which plaintiff was contending, and the company had no right to apply it to insurance for a term different to what had been agreed upon, especially when it had agreed that if it declined the insurance it would reject it in twenty days from the date of the receipt, and would return plaintiff's money to him.

We think that beyond question the insurance was in force at the time of plaintiff's alleged accidental injury; and if his testimony in support thereof is believed, he is entitled to recover. On this feature of the case no judgment can be directed here. No testimony disputing the same was offered, but the credibility of plaintiff's evidence in support thereof is for the trier or triers of the fact. Hence if the judgment is to be reversed, the case must be remanded for a new trial. It appearing as a matter of law that the insurance was in force at the time of the injury and that therefore he is entitled to recover if he proves a case thereunder, the judgment is reversed and the cause remanded for a new trial. The other judges concur.