### TEXAS LIFE INS. CO. v. BLACK.
(No. 2183.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1923.)

1. Insurance ⚌198(6) — Failure to allege medical examination held fatal in action to recover premiums for nondelivery of policy.

In an action against an insurance company for premiums paid, based upon failure of defendant to issue a policy, where receipt for the premium provided that if a policy was not issued, the sum paid would be returned, but required applicant to submit to medical examina-

tion, failure of plaintiff to allege that he had been examined was fatal to statement of cause of action, no legal excuse for such failure being shown.

2. Pleading ⚌48—Allegations in petition alone determines whether it states a cause of action.

Reference must be had alone to the allegations in a petition to determine whether it states a cause of action, and evidence offered on the trial to establish facts not pleaded is of no avail.

Hall, C. J., dissenting.

Appeal from Cottle County Court; W. J. Arrington, Judge.

Action by Ernest Black against the Texas Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

See, also, 237 S. W. 622.

James M. Whatley, of Paducah, and Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellant.

Clifford Graves, of Paducah, for appellee.

RANDOLPH, J. The appellee brought this suit in the county court to recover the sum of $376, and interest, alleged to be due him by appellant as advance payment of premium upon a life insurance policy in appellant company, and in his petition alleged the following as the basis for his recovery:

"That heretofore, to wit, on or about the 20th day of December, A. D. 1919, plaintiff made an application in writing upon one of its printed forms, at the instance and solicitation of its agents, W. K. Bass and C. C. Boudereaux, for a policy of life insurance in the sum of $10,000, and at the same time paid to and delivered to defendant's agents the sum of $376.90 as evidenced by binding receipt No. 69542, duly countersigned by W. K. Bass and C. C. Boudereaux, agents, dated at Paducah, Tex., the 20th day of December, A. D. 1919, the fourth clause of which provides: 'If a policy be not issued on the application and examination received by the company at its home office (and only in that event) the sum above mentioned will be returned on the surrender of this receipt to the company. In the event the policy should be issued, and the applicant declines to accept same, any premium paid shall be retained by the company in consideration of its carrying the insurance for the time paid.' Whereby defendant became bound and liable to refund said premium, and promised to refund same."

This is followed in the petition by the allegation that the defendant has not issued the policy; that the plaintiff tendered a return of the receipt; that defendant refused to accept same, and has failed and refused to return or refund said advance premium.

═══════

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant presented a general demurrer to this petition, which was overruled, and, on trial before the court, upon hearing the evidence, judgment was rendered for plaintiff for the amount of such premium and interest.

Analyzing the various assignments of error we conclude that they can all be determined by decision of the questions: Was it incumbent upon the plaintiff to allege that he had presented himself to the defendant's medical examiner, and had been examined? and, did the failure of plaintiff to so allege preclude him from recovery in the case?

[1] A party suing must, in his petition, state a cause of action. The plaintiff declares upon the receipt given him by the company's agents, and says that by reason of the promise in same to refund the premium he is entitled to recover. That portion of the receipt which he expressly pleads provides for a return of the premium, in the event only that a policy be not issued on the application and examination received by the company at its home office. Plaintiff alleges the making of the application, and, by inference only, its delivery to the defendant's agents. We are not deciding the question as to whether or not any duty devolved on the plaintiff to allege the delivery of the application and examination to the company at its home office, but we do hold that the plaintiff must have alleged that he had been examined by the company's medical examiner, or he must have pleaded some legal excuse for not doing so. The plaintiff introduced in evidence the whole of the receipt upon which he declared his cause of action. The third clause in said receipt is as follows:

"Third, This receipt will not be binding upon the company: (a) If issued for any sum in excess of the sum stated by the applicant in such application to have been paid; (b) if erasures or additions have been made in the printed form or written dates; (c) if the person to whom it is issued is not promptly examined by a regular appointed examiner of the Texas Life Insurance Company of Waco, Tex. The holder hereof agrees to undergo such medical examination as the Company may deem necessary."

The plaintiff evidently realized that it was incumbent on him to prove that he did stand such medical examination for he offers testimony of that fact. If it was necessary to prove it to sustain his cause of action in this connection he must have alleged it.

This being a suit upon a written instrument, and it requiring a medical examination and the petition failing to affirmatively allege that the plaintiff had complied with the requirements of said instrument the petition fails to state a cause of action, and the judgment rendered in his favor is fundamentally erroneous. Root v. Childs et al., 68 Minn. 142, 70 N. W. 1087; Texas Home Mutual Fire Insurance Co. v. Bowlin (Tex. Civ. App.) 70 S. W. 797.

[2] That evidence was offered on the trial to establish the fact that plaintiff had submitted to such examination does not cure the error in his failure to plead, as reference must be had alone to the allegations contained in the petition to determine whether it states a cause of action or not. Niagara Fire Ins. Co. v. Lollar (Tex. Civ. App.) 156 S. W. 1140.

Because of the failure of plaintiff's petition to state a cause of action, the case is reversed and remanded for a new trial.

HALL, C. J. I find myself unable to agree with the majority upon the proposition that the general demurrer should have been sustained to the plaintiff's petition. Omitting the formal parts, the petition is as follows:

"That heretofore, to wit, on or about the 20th day of December, A. D., 1919, plaintiff made an application in writing upon one of its printed forms, at the instance and solicitation of its agents, W. K. Bass and C. C. Boudereaux, for a policy of life insurance, for ten thousand ($10,000) dollars, and at the same time paid to and delivered to defendant's agents the sum of three hundred and seventy-six and 90/100 ($376.90) dollars, as evidenced by binding receipt No. 69542, duly countersigned by W. K. Bass and C. C. Boudereaux, agents, dated at Paducah, Tex., the 20th day of December, A. D. 1919, the fourth clause of which provides: 'If a policy be not issued on the application and examination received by the company at its home office (and only in that event) the sum above mentioned will be returned on the surrender of this receipt to the company. In the event the policy should be issued, and the applicant declines to accept same, any premium paid shall be retained by the company in consideration of its carrying the insurance for the time paid.' Whereby defendant became bound and liable to refund said premium, and promised to refund the same."

Plaintiff alleges that:

"The defendant has not issued the policy of insurance as contracted for, and that plaintiff's father, A. C. Black, on or about the 21st day of June, 1920, acting as his agent for plaintiff, tendered a return of binding receipt, but that defendant refused to accept same, and have failed and refused to return the premium paid by this plaintiff, and still refuse to pay or refund same or any part thereof, to plaintiff's damage in the sum of $376.90."

This is followed by the prayer for citation, judgment for said sum, and interest costs of suit and attorney's fees. Neither the instrument referred to as a "binding receipt" nor the application mentioned was attached to the petition as an exhibit. It is my opinion that the allegation of payment of the $376.90, shown in the second paragraph of the petition quoted above to have been paid as a premium, was sufficient in that particular, without the further allegation that it was "evidenced by binding receipt," etc. Nor do

I think it was necessary for the plaintiff to set out the fourth clause of the binding receipt in his petition, in order to show either his right to recover the premium, or the duty of the defendant company to repay it. Such right and duty are sufficiently shown by the allegation that the policy had not been issued, and that the payment had not been refunded. I am also of the opinion that the allegation that plaintiff's father had tendered the binding receipt at the time a return of the premium was demanded is an unnecessary allegation. All of that part of the petition which describes the binding receipt, and quotes the fourth clause of the same and the offer to return it, should be considered as surplusage. It is neither necessary nor proper for the pleader to allege his evidence. The issuance of a written receipt was not a necessary prerequisite to entitle the plaintiff to recover if the policy had not been issued, nor was the receipt the only evidence, or even the best evidence, of the payment of the premium. McAlpin v. Ziller, 17 Tex. 508; Sullivan v. Fant (Tex. Civ. App.) 160 S. W. 619 (10).

As against a general demurrer, every reasonable intendment should be indulged in favor of the sufficiency of the pleading. The plaintiff's petition shows that he contracted for a policy of insurance for $10,000, and made a written application upon the defendant's printed form, and at the same time paid the first premium, amounting to $376.90. He further alleges that the defendant had not issued the policy, and had failed and refused to return the premium paid by him. Upon these facts I think he was clearly entitled to recover the premium. This is not a suit upon a binding contract to recover any amount due under an insurance policy. It is simply an action to recover a premium which plaintiff had paid upon a policy thereafter to be issued, and which the company had not issued. Where a petition shows a good cause of action, and contains the necessary averments to entitle the plaintiff to recover, it is not subject to a general demurrer, because it also needlessly sets out matters of evidence. Croft v. Rains, 10 Tex. 520; G., C. & S. F. v. Pool, 70 Tex. 713, 8 S. W. 535; Sabine, etc., Ry. Co. v. Brossard, 69 Tex. 617, 7. S. W. 374.

If the payment of the money by plaintiff and its receipt by the defendant's agents were facts which could be proven without the introduction of the written receipt, it follows that that part of the declaration referring to such writing, and the receipt itself, were unnecessary and immaterial, and the presence of the allegation in the pleading in no way affects its sufficiency, if it contains the necessary averments aside from such allegation, entitling him to recover. Based upon the fourth clause of the binding receipt the majority opinion proceeds upon the theory that it was incumbent upon the plaintiff to allege that he had presented himself to the defendant's medical examiner, and had been examined. The majority opinion sets out the third clause of the binding receipt, which is not even referred to by either the plaintiff in his petition or the defendant. Since the third clause was not mentioned in the petition, and the receipt itself was not made an exhibit, clearly it can have no bearing upon the sufficiency of the petition as against a general demurrer. The majority opinion also states that plaintiff realized that it was incumbent upon him to prove that he did stand a medical examination. He made no allegation with reference to that fact, and none appears in the defendant's pleading. Unless he had alleged that the duty rested upon him to stand a medical examination the evidence is wholly immaterial, and certainly cannot be considered as grounds for sustaining a demurrer to a petition. The majority opinion also states that this is a suit upon a written instrument, requiring a medical examination. As stated above, I cannot agree that the suit is based upon any written instrument. It is simply an action to recover on an executory agreement to issue a policy thereafter. In the consideration of the question of the sufficiency of the petition our inquiry is necessarily confined to the allegations contained in the pleading excepted to. Even if we should properly consider the fourth clause which plaintiff unnecessarily copied into his petition, I do not agree that it bound plaintiff to submit to an examination, and that he could not recover without alleging that he had been examined. Referring to the provision quoted in full above, I fail to see any requirement that plaintiff should be examined as a condition precedent, either to the issuance of the policy or the recovery of his premium. According to the fourth clause, if a policy is not issued, then the premium will be returned on the surrender of the receipt to the company. The failure to issue the policy is the "event" referred to in the parenthetical clause "(and only in that event)." The majority opinion construes the first sentence of the fourth clause to require the plaintiff to furnish a certificate of his examination to the company at its home office, and that this is the "event" upon which the company will repay the premium upon surrender of the receipt. I see nothing ambiguous in the first sentence. It is a plain statement that if a policy is not issued on the application and examination received by the company at its home office, the premium will be returned upon the return and the surrender of the receipt. The failure to issue the policy is the event which conditions the return. That sentence does not mean that the receipt by the company at its home office of the application and examination certificate are the events intended. On the contrary, it is clearly implied from the language of the sentence that the application and examination have been received by the company. At any rate, no burden is placed upon plaintiff by the language to send any

such instrument to the home office. That the first sentence binds the company to return the money, if the policy is not issued, is made clear by the second sentence, which is, "In the event the policy should be issued, and the applicant declines to accept the same any premium paid shall be retained by the company in consideration of its carrying the insurance for the time paid." It is true that the pleader was evidently under the impression that the duty to repay the premium was expressed in the receipt, but, clearly, he is mistaken in this. The premium was the consideration for a policy to be thereafter issued. If the policy was not issued, plaintiff was entitled to recover his money, unless, for some reason not shown in the plaintiff's petition, in necessary averments, he was not entitled to recover it. He alleges the making of an application, and there is nothing in the petition to show that he had not been examined. And even if the allegation with reference to the receipt can be held to be material the reasonable intendment is that he has complied with its terms. If it could be inferred from either the provisions of the third or fourth clauses that the duty rested upon appellee to be examined before he could recover, that is a matter which became apparent only after the receipt was introduced in evidence, and clearly cannot be considered in determining the sufficiency of the petition upon a general demurrer. Niagara Fire Insurance Co. v. Lollar (Tex. Civ. App.) 156 S. W. 1140.

I therefore respectfully dissent.