JAMES WITTEN, RESPONDENT, v. BEACON LIFE ASSOCIATION, APPELLANT.—33 S. W. (2d) 989.

Kansas City Court of Appeals.   January 5, 1931.

R. R. Stone for respondent.

Kay & Starling for appellant.

ARNOLD, J.—This is an action based upon two insurance policies covering death or permanent physical or mental disability occasioned by accident, sickness or disease.   The cause was tried upon an agreed statement of facts as follows:

"It is hereby stipulated and agreed between plaintiff and defendant that on the 10th day of July, 1928, plaintiff signed two applications for certificates of insurance in the defendant company at the solicitation of a soliciting agent of the defendant; that plaintiff paid to said soliciting agent the sum of five dollars on each application as a membership fee; that plaintiff answered all questions in said applications truthfully; that the said soliciting agent of defendant on the same day or immediately thereafter mailed said applications to the defendant properly addressed and stamped, directed to the main office of defendant at Iberia, Miller County, Missouri; that the defendant on the 23rd day of July 1928, issued its policies Nos. 3337 and 3338 on the applications heretofore referred to, without

further investigation and mailed said policies to the plaintiff at Eldon, Miller County, Missouri.

"It is further stipulated and agreed that on the 20th day of July, 1928, the plaintiff was accidentally injured, so that he lost the entire sight of his left eye thereafter; that the defendant was duly notified of such injury; that the defendant did not furnish to the plaintiff any blanks for making proof of the accidental injury or for the loss of his eye; that the defendant never called upon the plaintiff for any dues or assessments from and after said 23rd day of July, 1928; that in the month of November, 1928, the plaintiff remitted to the defendant the required yearly assessment as provided in said policies of insurance; that the defendant refused to accept said assessments and advised plaintiff that his policies were not in effect; that the defendant never returned to the plaintiff the membership fees so paid to the soliciting agent as aforesaid and did not offer to return same until the 4th day of December, 1928, when it tendered same to plaintiff."

The petition is in two counts, each based upon one of the policies, identical except as to number, and both charge defendant negligently failed to issue its policies of insurance on plaintiff's applications dated July 10, 1928, until July 23, 1928, thereby ratifying and confirming the acts of its agent in taking said applications, and in ratifying the contracts set out in said applications; that said applications so signed by plaintiff and delivered to defendant provided, among other things, that in the event plaintiff lost the entire sight of one eye by accident defendant would pay plaintiff the sum of $1000; that plaintiff paid and made tender of all dues and assessments required of him under the terms of said policies and the by-laws of the association; that plaintiff was accidentally struck in the left eye by a fellow workman, causing plaintiff to lose the entire sight thereof; that plaintiff, within the time required by the applications and policies, notified defendant of the accident, and furnished all proofs required of him and demanded indemnity therefor. The petition further alleges vexatious refusal to pay. Judgment is asked in the sum of $1000 on each policy, together with six per cent interest from the first day oof November, 1928, and ten per cent for vexatious refusal to pay; also for reasonable attorney's fee.

Defendant filed separate answer to each count of the petition, consisting, first, of a general denial of every allegation of the petition except matters therein specifically admitted. It is admitted that defendant is a corporation under the laws of Missouri, with its main office at Iberia, Miller County, Missouri, and that it is engaged in the life and accident insurance business in the State of Missouri; that it is a mutual association operating under the assessment plan; admits plaintiff made the application as alleged in the petition; that defendant issued the policies as alleged and that the same are the

contracts entered into by plaintiff and defendant; avers that plaintiff was not insured as to the injury sued for in the two counts of the petition, and that the same, if any, occurred prior to the acceptance of plaintiff's applications for insurance and the issuance of the policies thereon; and that said policies insured plaintiff only from July 23, 1928, and thereafter as long as he kept his dues paid; avers that after said policy was issued, the same was mailed to plaintiff, at which time defendant had no knowledge that plaintiff had sustained an accident prior thereto; that if plaintiff had informed defendant promptly of the injury, the policies would not have been issued nor the applications accepted and defendant would have promptly returned the application fees, but avers that plaintiff wrongfully and fraudulently withheld such facts in order to induce defendant to accept the applications and to issue the policies thereon;

Further the answer states that soon after plaintiff received the policies sued on, "towit, on or about the ———— day of ————, 1918, he notified defendant that he had sustained an injury to his eye of small import, which injury, if any, as so reported by plaintiff, would not render plaintiff ineligible to insurance in defendant's order and that at no time until shortly prior to the filing of this suit was defendant informed that the plaintiff claimed to have been injured to the extent of the loss of the entire sight of his left eye."

The answer also pleads tender of the application fees within a reasonable time after being informed of plaintiff's injury, and the tender is repeated in the answer.

Plaintiff's reply to the answer on both counts was a general denial. By agreement the cause was tried to the court sitting as a jury. There was a judgment for plaintiff on each count of the petition in the sum of $1000 and interest, in the total sum of $2145 and costs. A motion for a new trial was overruled and defendant has appealed.

There are five assignments of error, the first three of which may be considered together. The fourth charges the court erred in overruling defendant's motion for a new trial and in arrest of judgment, for the reason that plaintiff's petition failed to state facts sufficient to constitute a cause of action. This assignment has not been developed and is therefore considered abandoned. Assignment No. 5 is that the court erred by not holding *sua sponte* that the petition did not state a cause of action on either count. Our ruling as to the fourth charge of error applies also to this charge, for the same reason. The only point at issue between the parties, and this is essentially embodied in assignments 1 to 3 inclusive, is as to whether the insurance took effect on the date of the applications, July 10, 1928, or on the date of the issuance of the policies on July 23, 1928. It is plaintiff's contention that the insurance became effective at the former date, while defendant's position is that it be-

came effective after July 23, 1928. A proper solution of this question will determine this appeal.

It is insisted by defendant that applications for insurance are mere proposals and create no liability upon the insurer until accepted and acted upon by the company and the policy issued, citing cases in support of this contention. On the other hand, plaintiff argues the law is well established that where a contract for insurance has been agreed upon, so that nothing more remains to be done except to issue and deliver the policy, the agreement is binding on both parties, also citing cases.

Each of the policies herein begins with the statement:

"By this policy of insurance

In consideration of the statements in the application heretofore, a copy of which application is endorsed hereon, and which, together with the Articles of Association also herein prescribed, as they now exist and as they may hereafter be amended, shall be taken and construed as a part of this contract:

Agrees to pay to James Witten within thirty days after receipt of satisfactory proof of the disability of said applicant, hereinafter called the insured, and in case of death, to Barbara Witten, wife of the insured, if surviving, and if not, then to the estate of the insured, the sum hereinafter set forth; provided that the insured shall have fully complied in all respects with the conditions and agreements contained in the application for this policy and in the Articles of Association."

The record further discloses the application is made a part of the policy issued and thereto attached. The policies further provide:

"Should a Partial Permanent Disability occur to the Insured resulting in the loss of a hand at or above the wrist, a foot at or above the ankle, or the entire sight of an eye, this Association will pay the Insured the sum of One Thousand Dollars."

Section 2 of the articles of association provides, and plaintiff in his application agrees to abide by, the following:

"When an application is made to and accepted by this association, a certificate of insurance shall be issued to the applicant and same shall be a contract between this Association and the applicant and shall contain all the facts relating and pertaining thereto."

Thus it is seen that the application and the articles of association are made part of the contracts. The policies are silent as to when the insurance shall take effect and liability begin. Hence we must turn to the general principles of law for a solution of this disputed point. Defendant cites for its support the case of Edwards v. Accident Association, 205 Mo. App. 102, 109, 221 S. W. 422, an opinion by the Springfield Court of Appeals, wherein it is said:

"Delivery of the written policy, though such is contemplated by the parties, is not essential unless made so by the contract. Where the

payment of the premium has been made or arranged for, and the application for the policy submitted, then the acceptance of such proposal and the issuance of the policy completes the contract.''

This holding follows the general rule laid down in 14 R. C. L. 70, p. 894. It also follows the rulings in Keim v. Insurance Co., 42 Mo. 38, and in Baldwin v. Insurance Co., 56 Mo. 151. In discussing this point, the Supreme Court said in State ex rel. v. Robertson, 191 S. W. 989, 992:

''The actual issuance of the policy, an ordinary life policy, cuts but little figure in the case, for the reason that, if Kempf had no previous knowledge of its terms, they were certainly made known to him by the provisions of his application for the insurance.''

And so we find the conditions of the policies at issue herein were known to the insured as well as to the insurer, by the terms of the applications.

From an examination of the authorities presented the following facts are deduced: (1) The contract fixes no definite time at which the insurance should become effective; (2) that an application is merely a proposal and leaves something else to be done to complete the contract; (3) that under the law an acceptance of plaintiff's application was necessary. It must be ruled that under the law the application is a mere request, and if accepted and the policy issued, the contract is complete. Banks v. Casualty Co., 207 Mo. App. 357, 233 S. W. 78; Beswick v. Casualty Co., 206 Mo. App. 67, 226 S. W. 1031; Rhodus v. Insurance Co., 156 Mo. App. 281, 137 S. W. 907. It is plaintiff's position, and we think a proper one, that defendant's delay in issuing the policy was unreasonable under the circumstances, thus giving rise to a presumption that the application was accepted and the contract thus completed. We find in 14 R. C. L., page 896, par. 72, a general statement of the rule in this respect, as follows:

''While it has been said that it is the duty of an insurer to which an application is made for a policy to accept or reject it with reasonable promptness, and that failing to reject within reasonable time, the law implies an acceptance, the overwhelming weight of authority supports the rule that mere delay in passing on an application for insurance cannot be construed into an acceptance of it, especially where the applicant was not a proper subject of insurance.''

It must be held that the question of what is unreasonable delay is one of fact for the jury, or the court sitting as a jury, as here. DeFord v. Insurance Co.. 75 Colo. 146.

In arriving at its findings of fact in the matter, the jury must consider the facts in each case. Here, it is admitted that both the insurer and insured reside in Miller County, Missouri, the former at Iberia and the latter at Eldon. Plaintiff states these two towns are only thirty miles apart. The agreed statement of facts shows the

application of plaintiff was received by defendant's agent on July 10, 1928, and mailed to the home office, thirty miles away, on July 11, 1928, and the policy issued July 23rd; that no investigation of the application was made. Under these circumstances, we think there was such a delay in issuing the policies after receipt of the application as to raise a reasonable presumption of its acceptance. Hence the contracts were completed; and this is especially true in the light of the fact that no showing is made on the part of defendant that the delay was due to any cause other than mere negligence.

We find no reversible error of record, and the judgment is accordingly affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.